24874. BOOCKHOLDT v. BROWN.

SUBMITTED OCTOBER 14, 1968—DECIDED NOVEMBER 7, 1968.

*Bobby Lee Cook, Clinton J. Morgan,* for appellant.

*Rogers, Magruder & Hoyt, Wade C. Hoyt, Jr.,* for appellee.

MOBLEY, Justice. The question here is whether a judgment of the Court of Ordinary of Floyd County adjudging that Carl W. Boockholdt is a person incapable of managing his estate and in need of the appointment of a guardian, and appointing Elizabeth Brown as guardian of his estate, is void. The issue is raised by a petition for writ of habeas corpus brought by Carl W. Boockholdt against Elizabeth Brown, alleging that the judgment is void because the commission appointed to examine him did not make, enter, or publish a written order or finding of mental illness or incompetency on the part of the petitioner, and that Elizabeth Brown is purporting to act as guardian of his estate and of his person, by holding him in a nursing home. The trial court denied the petition for the writ of habeas corpus and remanded the petitioner to the custody of the respondent. The appeal is from that judgment.

Under the provisions of Ga. L. 1964, pp. 499, 534, 658 (*Code Ann.* §§ 49-604 and 88-506 (f and g)), the ordinary does not have authority to appoint a guardian of the person or property of a person in the absence of a written report of a lunacy commission duly appointed by the court of ordinary, signed by all three members of the commission, finding him mentally incompetent. The report of the commission appointed to examine the appellant, signed by the three members thereof, was delivered to the Ordinary of Floyd County, who entered judgment thereon declaring the appellant incompetent and appointing a guardian of his property. However, the report made no finding that the appellant was incompetent because it failed to include his name and also failed to state whether they found him "not to be" or "to be" a person incapable of managing his estate, and thus "not in need" or "in need" of a guardian. The report as submitted obviously failed to meet the requirements of the law and the ordinary was without authority to appoint a guardian. See *Templeman v. Jeffries*, 172 Ga. 895 (3) (159 SE 248).

The vital question then is, did the court of ordinary have the authority to enter a nunc pro tunc order, two years later, correcting the report of the commission to show a finding that the appellant was incompetent and in need of a guardian? Ga. L. 1966, pp. 609, 663 (*Code Ann.* § 81A-160 (g)) authorizes a

court at any time of its own initiative or on the motion of any party, and after such notice, if any, as the court orders, to correct clerical mistakes in judgments, orders, or other parts of the record, and errors therein arising from oversight or omission. See also *Code* §§ 24-104 and 81-1205. While it appears from the testimony of the ordinary that the members of the commission did orally state that they found the appellant mentally incompetent, they signed their names to a blank paper, insofar as finding him mentally incompetent is concerned. They have not corrected their error, if it was error, nor does the record show that they admit that it was error. This is not a clerical mistake in a judgment, order, or other part of the record such as is encompassed by *Code Ann.* § 81A-160 (g), and the court of ordinary was without authority to correct the report of the commission.

This court in *Milam v. Terrell*, 214 Ga. 199, 202 (104 SE2d 219), held: "However, the appointment of guardians for persons of unsound mind who are incapable of managing their estates shall occur only after formal examination of such person as required by *Code Ann.* § 49-604. For this type of examination inquiring into a person's capacity to manage his own estate the jurisdiction of the ordinary is extremely limited, the proceedings are summary and must be strictly construed, and must show on their face such facts especially as to the giving of notice, the issuance of the commission, *and the return thereof,* as will authorize the judgment appointing the guardian. *Morton v. Sims,* 64 Ga. 298; *Templeman v. Jeffries,* 172 Ga. 895 (159 SE 248)." (Emphasis supplied.)

Among our most cherished rights, as American citizens, are the freedom of choice as to our movements, to be free to go where and when we wish, and the right to control and use our worldly possessions as we see fit. To place another in control of our person and our possessions deprives us of these basic rights. The law permitting such deprivation should be strictly construed and all requirements of the law strictly complied with.

There are basic errors in this guardianship proceeding, the first being the failure of the commission to make a written finding that this appellant was mentally incompetent. Then, two

years later the ordinary changed the commission's finding to show mental incompetency, and changed his order appointing a guardian of the property to include also guardianship of the person. These are not corrections of errors of omission or oversight, or of clerical mistakes, but the entry of a new and different finding from that which the commission made, and a different judgment from that rendered.

A written report of the commission signed by each member thereof, finding the appellant mentally incompetent and in need of a guardian, was essential to the appointment of a guardian, and no such report having been made, the judgment of the court of ordinary was void and a nullity. *Tucker v. Tucker,* 221 Ga. 128 (143 SE2d 639).

It was error to deny the petition for writ of habeas corpus.

*Judgment reversed. All the Justices concur.*