## 26380. FERRIS v. FERRIS.

ALMAND, Chief Justice. This appeal is from an order denying the defendant's motion for a summary judgment, which order was certified by the trial judge for review by direct appeal.

Helen E. Ferris filed her complaint against her former husband, Harold A. Ferris, seeking modification of a final decree for permanent alimony. An agreement between the parties where the defendant agreed to pay her $600 per month as alimony, was incorporated into the final decree. She prayed that the decree of December 1963, be modified so as to increase the amount of alimony, on the basis that the defendant's financial status had substantially changed since the date of the decree.

The defendant filed his answer and his motion for a summary judgment. He asserted in his motion that he was entitled to a judgment as a matter of law because he and the plaintiff had entered into an agreement on December 16, 1963, wherein plaintiff agreed to full settlement of all claims she had for temporary and permanent alimony support, and that she is now estopped from any claim for additional alimony. A copy of the agreement between the parties was attached to the motion. The agreement was made the judgment of the court in the case of "Harold A. Ferris, Jr. vs. Hellen E. Ferris, Case #34095, De-Kalb Superior Court." It recited, in part, as follows:

"Whereas, plaintiff and defendant in the above stated case are living in a bona fide state of separation and are desirous of *settling all questions* between themselves relative to property, temporary and *permanent alimony,* attorney fees, custody of the

minor children, both temporary and permanent custody, and all other questions between said parties relative to their marriage and pending divorce.

"It is now therefore mutually agreed as follows: 1. That the plaintiff will pay to the defendant the sum of six hundred ($600) a month as permanent alimony beginning on the first day of January, 1964, payable three hundred dollars ($300) on the 15th day of January, 1964, and continuing thereafter on the first day of each month until defendant dies or remarrries, and *this will be a charge* against the *estate of the plaintiff* if he *predeceases the defendant.* Same shall be *total and full settlement* of all claims *by the defendant of temporary or permanent alimony for defendant.* [Emphasis supplied.]

"That this agreement is a total agreement between said parties, and plaintiff is not responsible for any other indebtedness of any other kind whatsoever subsequent to signing this agreement."

The trial court did not agree with this contention of the defendant, but held that this action for modification was properly brought under Ga. L. 1955, as amended (*Code Ann.* § 30-220 et seq.).

On authority of a full bench decision in *Grizzard v. Grizzard,* 224 Ga. 42 (159 SE2d 400) we reverse. In that case the parties entered into an agreement as to the payment of alimony by the husband for the support of his wife which contained the stipulation that the wife, "does hereby release and discharge the second party [the husband] from any and all claims and liabilities of every nature whatsoever that first party [wife] may have against second party for the support, alimony, both temporary and permanent, attorney's fees, dower, and year's support of first party." This court held that under the terms of this agreement, which was made the judgment of the court, the wife waived any future right to seek an increase in the amount of periodic payments for her support and was estopped by her waiver to seek an increase in monthly alimony payments.

The agreement in the instant case recited that the agreement not only settled in full all claims of the wife for alimony, temporary and permanent, but provided that the payment of $600 per

month "will be a charge against the estate of the plaintiff if he pre-deceases the defendant." Compare Dickey v. Dickey, 154 Md. 675 (141 A 387, 58 ALR 634).

By reason of this agreement between the parties the former wife was estopped from seeking a revision of the decree as to the increase in the monthly payments of support.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 9, 1971—DECIDED APRIL 8, 1971.

*Hatcher, Meyerson, Oxford & Irvin, Clifford Oxford, Tom Benham,* for appellant.

*Richard Avery,* for appellee.