27729. SMITH v. SMITH.

ARGUED FEBRUARY 13, 1973 — DECIDED MARCH 8, 1973.

*Charles J. Driebe,* for appellant.

*Hutcheson, Kilpatrick, Watson & Brown, John L. Watson, Jr.,* for appellee.

MOBLEY, Chief Justice. This appeal is from an order denying the appellant's motion to correct a judgment.

In the divorce action by Linda B. Smith against Marvin R. Smith the parties entered into an agreement as to the custody and support of the children which provided that the husband should pay to the wife for the support of the minor children "the sum of $20 per week . . ." This agreement was made the judgment of the court, without the intervention of a jury, on January 28, 1971.

On October 18, 1972, the appellant (former wife) made a motion to correct this judgment, asserting that the agreement which was made the judgment of the court contained an inadvertent omission and clerical error in that the words "per child" should appear after the words "$20 per week." Service of the motion was served on counsel for the appellee (former husband). Motion to dismiss this motion to correct judgment was filed by the appellee.

At the hearing the appellant testified that the agreement of the parties was that the appellee should pay $20 per week for each of the two minor children of the parties, and that he paid approximately $40 per week until the early part of 1972. She testified that she was employed by the attorney who represented her in the divorce action, that she typed the agreement, both parties

signed it, and at the trial of the case she asked the judge to make the agreement the judgment of the court.

The trial judge questioned the appellee concerning his understanding of the agreement, the questions and answers being as follows: "Q At the time this agreement was signed, Mr. Smith, was it or was it not your understanding that the sum of $40 per week was the amount you agreed upon for child support? A Yes, sir, it was my understanding that's what it was. Q That was what you intended it to be? A Yes."

The trial judge stated that it appeared to him that the agreement which was made the judgment of the court was not in accordance with the understanding of the parties, but he did not think that he had legal authority to change it. He therefore denied the motion to correct the judgment.

Counsel for the appellant relies on Code Ann. § 81A-160 (g) (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240) for authority to correct the judgment, this subsection reading as follows: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." He also relies on Code Ann. § 81A-106 (c) (Ga. L. 1966, pp. 609, 617; Ga. L. 1967, pp. 226, 229, 230), which provides in part: ". . . The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it, except as otherwise specifically provided by law."

The evidence introduced at the hearing demands a finding that it was the intention of both parties that the child support would be $20 per week per child, and not $20 per week for both children, as the agreement stated. The judgment which was entered by mistake could, therefore, have been set aside in equity, and the true

intention of the parties made the judgment of the court, under the provisions of Code Ann. § 81A-160 (e).

The question of whether the judgment could be modified by motion to correct, under Code Ann. § 81A-160 (g), presents a troublesome question. Since this method of correcting a judgment may be done by the court of its own initiative, it is obvious that it is ordinarily to be used where the clerical error or omission is obvious on the face of the record.

In *Boockholdt v. Brown,* 224 Ga. 737 (164 SE2d 836), this court held that an ordinary was without authority under Code Ann. § 81A-160 (g) to enter a nunc pro tunc order correcting the report of a commission as to the competency of a person alleged to be in need of a guardian. It was pointed out in that case, however, that the commission had not admitted that their report was in error.

Under the facts of the present case, where the adverse party was given notice of the motion to correct the judgment, and where such party at the hearing admitted that the agreement which was made the judgment of the court omitted the words "per child" as intended by the parties, we hold that the trial judge had authority to correct the judgment.

The cases of *Crowell v. Crowell,* 191 Ga. 36 (11 SE2d 190); *Estes v. Estes,* 192 Ga. 100 (14 SE2d 680); and *Bufford v. Bufford,* 224 Ga. 850 (2) (165 SE2d 128); cited by the appellee, are not in point with the facts in the present case. Those cases do not deal with a direct proceeding to amend a judgment. In those cases there was an attempt, in subsequent litigation between the parties, to amend a former judgment. Under the former practice, as well as the present, unless a judgment is void, it is subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed by law.

The record in the present case shows conclusively that an omission was made in the judgment by mutual

mistake of the parties, and the trial judge was authorized to correct the judgment on the motion made for that purpose.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*