## 28844. PARK v. PARK.

PER CURIAM.

This is an appeal from a judgment that amended a former judgment of the court rendered in 1968 in a divorce and alimony case. The 1968 judgment had provided: "Except as otherwise herein expressly provided, no modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties."

In 1973 the former wife (appellee) brought an action to modify the alimony payments provided for in the 1968 judgment. Appellant filed responsive pleadings in this action, and he also filed a motion for summary judgment on the ground that under the terms of the 1968 judgment modification was precluded.

Appellee then filed in the original divorce and alimony case a motion to correct the judgment in that case. Her contention was that a paragraph had been omitted from that judgment by typographical error. The omitted paragraph she alleged to be as follows: "This agreement is based upon the present income and financial status of the husband, and the parties hereto further agree that if the same shall be incorporated in any final decree of divorce between the parties, this agreement may thereafter be modified on application of either party as provided by law."

The trial judge then entered a judgment amending the 1968 judgment by adding the paragraph alleged by the appellee to have been omitted originally. This judgment recites that the trial judge conducted a hearing and heard evidence. However, there is no transcript of evidence in the record, and the only evidence contained in the record are two affidavits of appellee and the attorney who represented her in the divorce case.

This judgment also contains a finding of fact to the effect that the omitted paragraph was omitted inadvertently through a clerical oversight, and that the inclusion of the paragraph had been agreed to by both parties.

The trial judge then concluded that under the authority of *Smith v. Smith,* 230 Ga. 238 (196 SE2d 437) (1973), appellee was entitled to have the 1968 judgment amended by adding the omitted paragraph.

We do not fault the trial judge for relying on *Smith* to the extent that he did, and we affirm the judgment. However, we now attempt to clarify our ruling in *Smith.*

In *Smith* there was no factual conflict between the parties about the omission. There, both parties testified that the judgment should have shown child-support payments of $20 per week per child, but that the words "per child" were inadvertently omitted. Code Ann. § 81A-160 (g) provides: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

In *Smith* there was an admitted clerical omission, and there was no factual dispute about it. *Boockholdt v. Brown,* 224 Ga. 737 (164 SE2d 836) (1968), was cited in *Smith,* and it held that if the error or omission is not admitted by both parties, of if the record does not show such admission by the parties, the court was without authority to amend the judgment pursuant to Code Ann. § 81A-160 (g).

What we are now saying is that this court did not intend *Smith* to be interpreted as broadly as it seems to have been interpreted. If words, sentences, or paragraphs are omitted from a judgment, and if there is no factual dispute between or among the parties about such error or omission, the judgment may be corrected under Code Ann. § 81A-160 (g). But if there is a factual dispute among or between the parties about the error or omission, the only way for the complaining party to rectify the alleged error or omission is by complaint in equity to set the judgment aside because of the alleged mistake. Code Ann. § 81A-160 (e).

There is no evidence in this record by the appellant to show whether he admitted or denied the alleged omission in the 1968 judgment. The judgment appealed from recites that the parties agreed to the inclusion of the omitted paragraph. Since there is no evidence in the record to refute this finding by the trial judge the judgment must be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents, and Ingram, J., who concurs specially.*

ARGUED MAY 14, 1974 — DECIDED SEPTEMBER 24, 1974 — REHEARING DENIED OCTOBER 17, 1974.

*Candler, Cox, Andrews & Hansen, E. Lewis Hansen,* for appellant.

*Westmoreland, Hall, McGee & Warner, C. Wilbur Warner, Jr., Edward E. Bates, Jr.,* for appellee.

INGRAM, Justice, concurring specially.

I have joined the per curiam opinion of the court in

this case only because the appellant has failed to show a factual dispute in the trial court concerning the alleged clerical omission.

"It is the duty of the appellant to have the transcript prepared and filed for inclusion in the record transmitted to this court *if it is needed for a decision.* In the absence of a transcript we must assume that the evidence authorized the judgment in regard to these questions." (Emphasis supplied.) *Cason v. Upson County Board of Health,* 227 Ga. 451 (2) (181 SE2d 487).

Since the appellant has not furnished this court with a transcript of the evidence, we are bound by the findings of fact in the trial judge's order and must affirm the ruling of the trial court under the authority of the *Smith* case, supra.

GUNTER, Justice, dissenting.

I dissented in *Smith v. Smith,* 230 Ga. 238 (196 SE2d 437) (1973), because I did not think that the error or omission was a clerical mistake in a judgment that could be corrected by the court pursuant to Code Ann. § 81A-160 (g). The error or omission in that case occurred in a contract between the parties that had been incorporated in a judgment of the court. In fact, the majority there said that the omission occurred "by mutual mistake of the parties." I do not subscribe to the view that a mutual mistake made by the parties to a property settlement and alimony contract, later incorporated by reference in a divorce judgment, can be cured or rectified by a mere motion, filed over five years after the date of execution of the contract, to correct the judgment rendered in the divorce case.

In this case the motion to correct attempted to add to the judgment a paragraph that had been allegedly omitted from the contract by inadvertence.

The contract made by the parties, and incorporated by reference in the divorce judgment, provided in part: "The wife acknowledges that the provisions herein made for support and maintenance and for the support, maintenance and education of the said minor children are fair and adequate and reasonable and satisfactory to her. Accordingly, the wife accepts the same in lieu of and

in full settlement and satisfaction of all claims and rights that she may now or hereafter have against the husband for her support and maintenance and for the support, maintenance and education of the minor children, subject only to the provisions for modification hereinafter provided.

"Except as otherwise herein expressly provided, the parties shall and do hereby mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and in equity, which each of them ever had, now has or may hereafter have against the other, upon and by reason of any matter, cause or thing up to the date of the execution of this agreement.

"Except as otherwise herein expressly provided, no modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature.

"This agreement constitutes the entire understanding between the parties, and there are no representations or warranties other than those expressly provided herein.

"Both parties hereto expressly agree that this contract may be made a part of and incorporated into any final judgment and decree of divorce that may be rendered in the above-styled matter."

There is no provision in the contract for modification of support or alimony for the wife except such modification as may be in writing and signed by both parties.

This contract was executed by the parties on February 21, 1968, and it is a valid and binding contract. Until the contract itself is set aside, modified, or reformed through court proceedings, either party can rely upon the contract as binding.

In *Ferris v. Ferris,* 227 Ga. 465 (181 SE2d 371) (1971), this court held that by reason of an agreement between the parties that settled in full all claims of the wife for alimony, the former wife was estopped from seeking a revision of the decree pursuant to our modification

statute, Code Ann. § 30-220 et seq., so as to increase the monthly payments of support.

This court has consistently taken the position that where the parties in such a situation waive future modification by their contract, modification is not permitted. The procedure pursued in the instant case, a mere motion to correct a judgment because of an alleged clerical omission, is nothing more than an attempt to circumvent contract law heretofore adhered to.

I think the appellee in the present case is relegated to an action to reform the contract between the parties because of a mutual mistake. I do not think that facts set forth in this record authorize the correction of a judgment because of a clerical mistake or omission in the judgment pursuant to Code Ann. § 81A-160 (g).

Since I did not join the majority in *Smith*, and since I cannot join the majority here, I respectfully dissent.