## 29325. AMMONS v. BOLICK et al.

HALL, Justice.
Harold A. Ammons, defendant below, appeals from

the August 14, 1974, order of the DeKalb Superior Court which (1) vacated a prior order dismissing plaintiff Earl A. Bolick's action against Ammons for improper venue, (2) reinstated Bolick's action, and (3) overruled Ammons' motion to dismiss for improper venue.

The record shows that Bolick's complaint sought relief against Ammons, two other individual defendants, and DeKalb County for an injunction and damages for improper handling of surface waters to the injury of Bolick's real property. The other two individual defendants were dismissed. Thereafter Ammons' motion to dismiss on the ground that he was not a resident of DeKalb County was heard and granted on July 29 in the absence of Bolick's attorney who was then in court elsewhere on another matter. On July 30, the trial court issued an ex parte order temporarily vacating the July 29 order and set a hearing for August 8. On August 14 the trial court found that DeKalb County was a party against whom substantial equitable relief was sought and that venue was therefore properly laid in DeKalb County. The court then issued an order overruling Ammons' motion to dismiss for improper venue from which Ammons appeals with a certificate of immediate review.

Basically, Ammons raises two contentions: (1) that the order granting his motion to dismiss could not be set aside other than under the procedures of the Civil Practice Act, or, alternatively that once it had been granted the case was no longer before the court; and (2) no substantial equitable relief was sought against DeKalb County which would justify joining Ammons, a nonresident, in the suit.

1. The rule as to the power of the trial court to change its judgment during the term in which it is rendered is an inherent power unchanged by the CPA. *Holloman v. Holloman,* 228 Ga. 246 (184 SE2d 653); *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489); *Martin v. General Motors Corp.,* 226 Ga. 860 (178 SE2d 183). While this authority does not exist after the term of rendition, if the proceedings are begun during the term, they may be continued over and the judgment set aside or modified after the expiration thereof. *Maxwell v. Cofer,* 201 Ga. 222 (b) (39 SE2d 314). It can be granted by

the court ex mero motu, with or without notice to either party. *Tyler v. Eubanks,* 207 Ga. 46 (60 SE2d 130).

2. It does not appear beyond doubt that the plaintiff has failed to state a claim which would entitle him to substantial equitable relief against the defendant DeKalb County. This being so, the trial court did not err in overruling defendant's motion to dismiss for improper venue. If the plaintiff fails to prove his allegations as to the resident defendant, the nonresident appellant has an appropriate remedy. *Hamilton v. DuPre,* 111 Ga. 819 (35 SE 684).

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 17, 1974 — DECIDED NOVEMBER 18, 1974 — REHEARING DENIED DECEMBER 3, 1974.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert L. Kiser,* for appellant.
*Wendell & Willard, L. C. Chrietzberg,* for appellees.

