## 29917. CAGLE v. DIXON.

GUNTER, Justice.

This is an appeal from a judgment that found appellant in contempt of court for failure to make payments on a car and certain real estate as required by a former judgment of the court. The former judgment had been entered on January 25, 1973, and it merely awarded certain real estate to the appellee. On March 26, 1973, an amending order was entered by the court ex parte. The amendment gave appellee title to a car and required appellant to make certain payments on both the car and the real estate.

Because of financial problems which included the filing of bankruptcy, appellant never made the payments, although the property was transferred. Appellee filed a contempt action in August, 1974. Appellant answered and, by motion to dismiss, challenged the validity of the amended judgment that required him to make the payments. The trial court denied the motion to dismiss and held the appellant in contempt. This appeal followed.

Appellant argues that the order to make payments was void because it was an ex parte amendment to the original judgment and was entered at a subsequent term of court. A trial court has inherent power to modify its own judgment during the term at which it was rendered, and this power may be exercised on the court's own motion, with or without notice to the parties. *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489) (1971); *Ammons v. Bolick,* 233 Ga. 324 (210 SE2d 796) (1974). At a succeeding term, a trial court has only such power to modify its judgment as may be given by statute. Code Ann. § 81A-160 (g) states: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or

on the motion of any party and after such notice, if any, as the court orders."

Appellee argues that the amending order in the present case simply corrected an "oversight or omission." The first case of this court to construe this provision was *Boockholdt v. Brown,* 224 Ga. 737 (164 SE2d 836) (1968). That case involved the appointment of a guardian of the person and the property of an incompetent. A court of ordinary had originally appointed a guardian of the property but had not appointed a guardian of the person because the required report from a "lunacy commission" was insufficient in certain particulars. Two years later, the court of ordinary, without a hearing, entered an amended judgment which corrected the report of the commission and ordered the appointment of a guardian of the person. This court held that the amending order amounted to a new judgment, not the correction of a clerical mistake, and was void.

In *Smith v. Smith,* 230 Ga. 238 (196 SE2d 437) (1973), an alimony judgment incorporating a settlement agreement provided child support in the sum of twenty dollars per week. The former wife made a motion to correct the judgment by adding the words "per child." A hearing was held, and the evidence showed that both parties clearly intended the child support to be twenty dollars per child. This court held that the judgment could be corrected by motion under Code Ann. § 81A-160 (g). This court stated: "Under the facts of the present case, where the adverse party was given notice of the motion to correct the judgment, and where such party at the hearing admitted that the agreement which was made the judgment of the court omitted the words 'per child' as intended by the parties, we hold that the trial judge had authority to correct the judgment." This court also stated: "Since this method of correcting a judgment may be done by the court of its own initiative, it is obvious that it is ordinarily to be used where the clerical error or omission is obvious on the face of the record."

In *Park v. Park,* 233 Ga. 36 (209 SE2d 584) (1974), this court followed *Smith.* In *Park,* it was held that a paragraph permitting modification of alimony could be added to an alimony judgment by motion under Code Ann.

§ 81A-160 (g). The record developed at the hearing on the motion showed that the paragraph had been omitted by clerical error.

In summary, *Smith* states the rule that ordinarily a judgment should be modified under Code Ann. § 81A-160 (g) only "where the clerical error or omission is obvious on the face of the record." However, both *Smith* and *Park* recognize an exception to this general principle where there has been a hearing on a motion to correct the judgment, and the evidence compels the conclusion that the omission was in fact a clerical error. The present case involves an ex parte amendment to a judgment and not an amendment made after notice to the parties and a hearing. We therefore hold that the general rule applies.

It does not appear from the face of the record in this case that the provisions added by the amendment of March 26 were originally omitted by clerical error, oversight, or omission. Accordingly, the modification was not authorized, and the amended part of the judgment was void.

Because of this holding, it was erroneous to hold the appellant in contempt.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 5, 1975 — DECIDED JULY 1, 1975.

*Nicholas E. Bakasas,* for appellant.
*Stephen A. Rosen,* for appellee.