## 30347. FROST v. FROST.

HALL, Justice.

In this case, the plaintiff Mrs. Roverda Clements

Frost sought to set aside and vacate the judgment of divorce entered against her by a petition styled "Motion to Vacate and Set Aside Judgment." At the hearing in the trial court, the wife claimed that antecedent to the original divorce the husband had threatened that he had the money to take their eighteen-month-old son away from her unless she cooperated with him in obtaining the divorce. As a result, since she knew he had money and feared he could do this, and because she had no money of her own and suffered from rheumatoid arthritis which made working difficult for her, the wife went to the husband's attorney's office and signed an agreement whereby she got custody of the child and $50 a month child support. But he obtained visitation rights for two weeks of every month, and retained the family's car, and house and all furniture and furnishings, and paid her no alimony.

This contract was made the judgment and order of the court on November 21, 1974.[1] On January 21, 1975, the wife filed her petition to set aside the decree, which prayers were granted on May 27, 1975. The husband appeals.

1. The husband's enumerations of error 1, 5 and 7, attack the form of the wife's pleading for failing to state a cause of action, for lack of jurisdiction since the term of court in which the decree was entered had expired, and because time for filing a motion to set aside, a motion for a new trial, and for taking an appeal had expired.

Code Ann. § 81A-160 (e) provides that a "[c]omplaint in equity may be brought to set aside a judgment. . ." A separate complaint and proper service, are required under Code Ann. § 81A-160 (f); both of these provisions have been complied with by the wife in this case. *Newman v. Greer,* 131 Ga. App. 128 (205 SE2d 486) (1974). The husband argues nevertheless that the pleading is styled a "Motion to Vacate and Set Aside Judgment," and thus

---

[1]The record and judgment in the original divorce proceeding are not included in the record of the case now on appeal.

fails as a petition in equity. It is well established however, that there is "no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name." *Holloway v. Frey,* 130 Ga. App. 224, 227 (202 SE2d 845) (1973). Since the motion fulfills all the requirements of a petition in equity under Code Ann. § 81A-160 (e), it will be so construed. Thus, the contention of the husband that the wife has failed to state a claim has no merit. See also *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974).

Code Ann. § 81A-160 (f) provides "all motions, complaints or other proceedings to set aside or attack judgments shall be brought *within three years* from entry of the judgment complained of." (Emphasis supplied.) Here, the petition to set aside was filed only two months after the judgment was entered and thus well within the statute of limitation. The fact that the time for a motion for new trial, motion to set aside or for an appeal has passed is consequently irrelevant. Additionally, there is no issue of laches presented. See *Field v. Jordan,* 124 Ga. 685 (52 SE 885) (1905).

2. In Enumerations 2, 3, 4, 6 and 8, the husband attacks the merits of the wife's claim under Code Ann. § 81A-160 (e) on the general grounds, urging that the wife has failed to prove "fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant."

It is clear in *Kitchens v. Clay,* 224 Ga. 325 (161 SE2d 828) (1968) that cases decided under Code Ann. §§ 37-219 and 110-710[2] are applicable in construing Code Ann. § 81A-160 (e). Thus, based on this precedent, the word fraud in this section may be construed to include duress. Duress is but a species of fraud where one is induced contrary to one's will from presenting a defense to a suit. *Colclough v. Bank of Penfield,* 150 Ga. 316 (103 SE 489)

---

[2]These sections are tracked by the language in Code Ann. § 81A-160 (e). Code Ann. § 37-219 appears in the title on Equity; Code Ann. § 110-710, under Verdict and Judgment.

(1920). The elements of duress include a threat coupled with an apparent intent and ability to carry out the threat so that the will of the other is overcome. See *Littlegreen v. Gardner*, 208 Ga. 523 (67 SE2d 713) (1951); *Hoover v. Mobley*, 198 Ga. 68 (31 SE2d 9) (1944).

The wife relies on *Young v. Young*, 188 Ga. 29 (2 SE2d 622) (1939) where this court held that duress, if proved, was sufficient in equity to set aside a divorce based on an agreement between the parties which was made the judgment of the court. In that case, the wife threatened her husband with loss of his job if he did not agree to her terms for alimony and child support. Since he knew her father worked for, and had influence with, his employer, he feared that she would and could carry out her threat and therefore complied with her demands.

Similarly the wife alleged at the hearing in the present case that she had been threatened with the loss of her child if she did not consent to the divorce. Knowing that her husband had the financial resources he claimed he could use against her for that purpose, she feared her husband would carry out that threat. On this basis, she complied with the conditions of the prior divorce decree.

Before, however, a judgment will be set aside for duress, it must appear that the complainant had a good defense which she was prevented from asserting at the original hearing or trial. *Young v. Young*, supra. See *Adair v. Adair*, 220 Ga. 852 (142 SE2d 251) (1965); *Kitchens v. Clay*, supra; *Haygood v. Haygood*, 190 Ga. 445 (9 SE2d 834) (1940); *McCowen v. Flanders*, 155 Ga. 701 (118 SE 351) (1923); *Taylor v. Sutton*, 15 Ga. 103 (1854); *Hirsch v. Collier*, 104 Ga. App. 271 (121 SE2d 318) (1961). Matters once litigated generally are final, and the fraud shown by the complainant in equity to set aside that judgment must be extrinsic or collateral to the issues tried in rendering that judgment. *Young v. Young*, supra; *Kitchens v. Clay*, supra; *Stephens v. Pickering*, 192 Ga. 199 (15 SE2d 202) (1941).

The decree here under attack was rendered on a contract which was signed under duress, but which was presumably considered at the final hearing of the original divorce. As such, its unfairness and the

circumstances of duress which occurred before this proceeding should have been litigated at that time. However, since the circumstances of the original divorce do not appear in the record, we do not know whether the wife was given notice of these proceedings or whether, even if given such notice, she was prevented by duress from appearing at that time to present her defenses to the contract. For example, she may have been forced by the same duress into signing a waiver and acknowledgment of service which resulted in her receiving no notice of the final hearing of the divorce. See *Bach v. Phillips,* 200 Ga. 308 (37 SE2d 407) (1946) (distinguishing *Smith v. Smith,* 191 Ga. 675 (13 SE2d 798) (1941) from *Young v. Young,* supra); *Fowler v. Fowler,* 206 Ga. 542 (57 SE2d 593) (1950). For this reason, we must remand this case for further findings below on this point.

3. In the husband's ninth enumeration of error, he urges that the trial court erred in modifying the earlier divorce decree by changing the amount of child support and the visitation rights of the husband where no material change of condition was alleged by the wife. See Code Ann. §§ 30-220, 30-221; *Roberts v. Mandeville,* 217 Ga. 90 (121 SE2d 150) (1961). It is clear from its order that the trial court did not merely modify a previously existing decree, but did in fact vacate and set aside the "Final Judgment and Decree of Total Divorce." The trial court then placed custody in the wife with visitation rights every other weekend plus two weeks in June, and awarded the wife $60 per week as child support as well as some attorney fees, "All until further order of the court." Since this case is to be remanded, we need not decide whether this order can be construed as an order in the original divorce case[3] or whether the parties are or are not now properly divorced under a valid decree. However, we do hold that the trial court's order can not be construed as a modification of that original decree

---

[3] We in no way intend to imply that the trial court may not now enter a temporary order in the divorce case pending the outcome of the litigation here before us.

since that judgment has been vacated. Similarly, we do not reach the merits of the husband's counterclaim for change of custody.

The judgment of the court below is thus vacated and remanded for further proceedings not inconsistent with this opinion.

*Judgment vacated and remanded. All the Justices concur.*

ARGUED OCTOBER 6, 1975 — DECIDED DECEMBER 3, 1975.

*James E. Nicholson, Jr.,* for appellant.
*Nicholson, Fleming & Blanchard, Jim Blanchard, Jr.,* for appellee.