### 55165. C & S NATIONAL BANK v. BURDEN et al.

QUILLIAN, Presiding Judge.

This is an appeal via the interlocutory route from an order of the trial court vacating its earlier order granting C & S' motion for summary judgment.

Plaintiff, C & S National Bank, brought an action on a note executed by defendants, Jack and Suzanne Burden. After the note went into default, demand was made under Code Ann. § 20-506 (Ga. L. 1890-1891, p. 221; as amended through 1968, p. 317). No further payments were received and plaintiff filed this action on April 8, 1975. In August, 1975, plaintiff moved for summary judgment. After oral

hearing, during the 1976 March term of the State Court of Clayton County, plaintiff's motion was granted and filed, effective March 18, 1976. Thereafter, on April 12, 1976, during the April term, defendants filed a "Motion for Reconsideration." An oral hearing was held May 28, 1976, during the May term, and the court announced it would enter an order vacating plaintiff's summary judgment. Because no order was entered during 1976, on May 6, 1977, plaintiff filed a motion to vacate and set aside the stay order. The court denied this motion and entered an order dated and filed August 26, 1977, setting aside the summary judgment order of March 18, 1976. Plaintiff brings this interlocutory appeal. *Held:*

1. "A trial judge has the power during the same term of court at which a judgment is rendered to revise, correct, revoke, modify, or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion." *Tyler v. Eubanks,* 207 Ga. 46 (1) (60 SE2d 130); *Martin v. General Motors Corp.,* 226 Ga. 860, 862 (178 SE2d 183). Furthermore, "[t]he rule as to the power of the trial court to change its judgment during the term in which it is rendered is an inherent power unchanged by the CPA." *Ammons v. Bolick,* 233 Ga. 324 (1) (210 SE2d 796). However, the trial court's authority to change its judgment ended with the term in which it was rendered. *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489); *Holloman v. Holloman,* 228 Ga. 246 (2) (184 SE2d 653); *Ammons v. Bolick,* 233 Ga. 324, 325, supra. Accordingly, the court was without authority to change its judgment.

2. Code Ann. § 81A-160 (CPA § 60; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) provides the exclusive methods by which civil judgments may be attacked. *Johnson v. Cook,* 130 Ga. App. 575 (3) (203 SE2d 882); *Henry v. Polar Rock Development Corp.,* 143 Ga. App. 189 (1) (237 SE2d 667). It provides, generally, for a collateral attack in any court by any person where a judgment is void on its face, otherwise judgments are subject to direct attack "only in the court of rendition" by motions to set aside or for new trial, or by complaint in equity. Code Ann. § 81A-160 (a) and (b), supra. Defendant's "Motion for Reconsideration" is not one of

those enumerated. However, we will not judge a motion by its nomenclature but by its content and action requested. *Frost v. Frost,* 235 Ga. 672, 674 (221 SE2d 567).

The basis set forth in defendant's motion was that the judge orally advised counsel for defendants that he would deny the plaintiff's motion and that the order "as drafted by counsel for Plaintiff is contrary to the principles of law applicable to the case."

There is no contention that this is a judgment void on its face which would permit a collateral attack. Of the remaining remedies, this proceeding was in the state court and can not be a complaint in equity. A motion for new trial is not authorized to re-examine the grant of summary judgment. *Shine v. Sportservice Corp.,* 140 Ga. App. 355 (231 SE2d 130). Therefore, based upon the content and action requested, defendant's motion is considered to be in the nature of a motion to set aside the earlier judgment. Thus, it must be predicated upon "some nonamendable defect which does appear upon the face of the record or pleadings." Code Ann. § 81A-160 (d), supra. In this particular it fails. The alleged defects do not appear upon the face of the record or pleadings and can only be reached by going behind the face of the record. *Northern Freight Lines v. Fireman's Fund Ins. Cos.,* 121 Ga. App. 786, 787 (175 SE2d 104). This is not permissible. Accordingly the trial court erred in reconsidering its earlier judgment.

3. This interlocutory appeal, which is in the nature of certiorari, was granted upon the issue of lack of authority of the trial court to reconsider and revoke its earlier judgment rendered in the previous term. The appellant has added additional enumerations of error. They are not properly before this court as the grant did not encompass them and we will not consider them. *Brooks Shoe Mfg., Inc. v. Byrd,* 144 Ga. App. 431 (6).

*Judgment reversed. Webb and McMurray, JJ., concur.*

ARGUED JANUARY 12, 1978 — DECIDED FEBRUARY 24, 1978 — REHEARING DENIED MARCH 23, 1978 — CERT. APPLIED FOR.

*Alston, Miller & Gaines, Frank J. Beltran,* for appellant.

*Kemper, Baker & Boswell, Joseph R. Baker,* for appellees.

ON MOTION FOR REHEARING.

The plaintiff contends this court overlooked the affidavit of the trial court judge (pro hac vice) which stated that "he did not intend to sign said judgment and would not have signed said judgment, except for said mistake. Said judgment was and is contrary to the opinion the affiant entertains in this case." Plaintiff argues, because of such mistake, *Smith v. Smith,* 230 Ga. 238 (196 SE2d 437) requires a different result. *Smith* turned on interpretation of Code Ann. § 81A-160 (g) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138), which provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." In *Smith, both of the parties agreed* that the judgment was in error where it awarded "the sum of $20 per week" for the support of the minor children. All parties agreed that it should have been "$20 per week *per child*" for a total of $40 per week and the Supreme Court permitted the correction approximately 20 months later — after the term had ended.

We find *Smith* inapposite for two reasons. There both parties agreed that the error as to the amount existed. There is no such agreement in the instant case. Secondly, Code Ann. § 81A-160 (g) relates principally to "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission. . ." The omission of the words "per child" was a minor clerical error resulting from oversight or omission. In the instant case we are urged to find entry of judgment for the wrong party to be a "clerical mistake" or an "error arising from oversight or omission."

In the absence of prior decisional reference of this state we turn for guidance to the Federal Rules of Civil Procedure from which our CPA was patterned. Rule 60 (a)

of the Federal Rules provides, in part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party. . ." The two sections are almost identical. Rule 60 (b) relates to relief from final judgments for mistake, inadvertence, surprise, excusable neglect, fraud and other reasons. Rule 60 (a) is now contained in our Code Ann. § 81A-160 (g) and Rule 60 (b) is scattered among the remaining sections of Code Ann. § 81A-160.

Moore draws a fine distinction between "clerical" and "substantive" error dealt with in Rule 60. "All elements of society — the courts, the profession, litigants, and the public at large — have an interest in the stability of judgments. They also have an interest in seeing that judgments are clearically [sic] accurate, effect substantial justice, and do not become instruments of oppression and fraud. . . The problem breaks down into two parts: (1) the correction of clerical mistakes; and (2) the grant of substantial relief. The first problem which is dealt with by Rule 60 (a), need not detain us long. Equity Rule 72 furnished a precedent for Federal Rule 60 (a); and if the term "clerical mistakes" is confined to its plain meaning and not inflated to include matters of substance no one can seriously contend that the stability of judgments is impaired. . ." 6A Moore's Federal Practice 4042-4043, Relief from judgment or order ¶ 60.04[1]. Equity Rule 72 provided: "Clerical mistakes in decrees or decretal orders, or errors arising from any accidental slip or omission, may, at any time before the close of the term at which final decree is rendered, be corrected by order of the court or a judgment thereof, upon petition, without the form or expense of a rehearing." Id. p. 4053, ¶ 60.05.

Accordingly, Federal Rule 60 (a) was used to correct clerical error and Rule 60 (b) was used to reach substantive error. The same is true of our Code Ann. § 81A-160. Subsection (g) is used to reach "clerical error" and subsection (e) provides the specific remedy for the error asserted here. It provides: "Complaint in equity may be brought to set aside a judgment for fraud, accident or mistake. . ." The trial court stated that the judgment was entered because of "mistake." Thus, our Code provides a

specific remedy for this specific error — in the superior court. This action was in the state court. The term had ended in which judgment was rendered and the trial court lacked jurisdiction to make a "substantive" change — reversal of the former judgment. See *Cagle v. Dixon,* 234 Ga. 698 (217 SE2d 598).

*Motion for rehearing denied.*