## 56206. NORMAN v. ALLEN.

QUILLIAN, Presiding Judge.

Appeal was taken by defendant below from orders of the trial court which granted plaintiff's motion to set aside a judgment rendered January 11, 1978, and which granted judgment to the plaintiff. The judgment entered on January 11, 1978, recited that upon the call of the case the plaintiff failed to answer and was therefore declared in default.

On February 15, 1978, the plaintiff filed a motion to open default based on the following: "The plaintiff by and through her attorney was under a misapprehension that the trial was on the calendar at a later time. The Movant shows that she was aware of the case. The Movant shows that U. S. Government leased first (30) thirty floors of 101 Marietta Towers, Suite 2207 and required the moving of his Law Office on December 28, 1978. This two week disruption caused a lost [sic] in the calendar and a new calendar had to be reconstructed by the attorney's secretary. This took place during the first and second week in January as unpacking took place in 100 Peachtree, N. W., Suite 301."

Based on defendant's motion to dismiss plaintiff's motion to open default, the trial judge canceled the rule nisi entered on the plaintiff's motion. The plaintiff then filed a "motion to set aside the judgment rendered on 1/11/78" setting out: "The plaintiff was under a misapprehension that the trial would come up at a later time in another Court due to her illness. The plaintiff shows she was aware of the case." The defendant then moved to dismiss plaintiff's motion to set aside. The plaintiff failed to appear at the hearing of the motion to dismiss and on March 23, 1978, the trial judge denied the plaintiff's motion to set aside for lack of prosecution.

At a time subsequent thereto, April 3, 1978 the trial judge then entered an order granting the plaintiff's motion to set aside the judgment of March 23, 1978 and of January 11, 1978. Thereupon, the parties having waived a jury, the trial court found for the plaintiff and duly entered judgment for her on April 21, 1978. From these orders, appeal was taken. *Held:*

Under the pertinent statutes relating to the State Court of Fulton County all the proceedings commenced for the purpose of attacking the January 11, 1978, judgment were in a subsequent term. Ga. L. 1925, pp. 370, 377 and Ga. L. 1976, p. 3023 et seq. Hence, the method of attack must be tested by the requirements set forth in CPA § 60 (Code Ann. § 81A-160; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138).

Since substance prevails over mere nomenclature (*Frost v. Frost,* 235 Ga. 672, 674 (221 SE2d 567)), we consider the applicability by the breadth of the Code section regardless of the terminology used in describing the proceedings brought.

The judgment here was not void on its face. CPA § 60 (A). The proceedings were not brought within the time required for a motion for new trial. CPA § 60 (c) (Code Ann. § 70-301; Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167). Although it is urged that the judgment was entered by mistake, the proper remedy, a complaint in equity, must be brought in the superior court. CPA § 60 (b) and (e). Moreover, the judgment could not be considered a mere clerical mistake so as to come within the purview of CPA

§ 60 (g). See *C & S Nat. Bank v. Burden,* 145 Ga. App. 402, 405 (244 SE2d 244).

There remains the motion to set aside, which coincidentally is how the present motion is described. This motion was not predicated on some nonamendable defect which appears upon the face of the record or pleadings. CPA § 60 (d). Does it attack the judgment based upon lack of jurisdiction of the person or subject matter? See CPA § 60 (d). Most certainly there is no question made as to subject matter jurisdiction.

As to jurisdiction of the person, the most serious question arises. In plaintiff's first motion, which has been quoted in the facts, the plaintiff admitted she was aware of the case and her attorney possessed a trial calendar which was lost and had to be reconstructed. In her motion to set aside the plaintiff still conceded she was aware of the case but was under a misapprehension as to when the trial could come up. It was not until this motion was denied that, in a brief, the plaintiff raised an issue that the trial date was set in violation of a court order that the trial date would be set upon request by plaintiff's counsel or defendant's counsel. In this connection, it is alleged that, when checked at a date well after the time scheduled for trial, the trial calendar card "did not have a special set on the card" and the plaintiff did not request a new trial date. Nowhere is it alleged that the defendant did not request the trial date or that the plaintiff was not given the required notice of the trial date. We find a void as to the requisites necessary to sustain an attack based on lack of personal jurisdiction.

On the present record, it was error to set aside the judgment of January 11, 1978, and enter up judgment for the plaintiff.

*Judgment reversed. Webb, J., concurs. McMurray, J., concurs specially.*

SUBMITTED JULY 11, 1978 — DECIDED OCTOBER 16, 1978 — REHEARING DENIED NOVEMBER 14, 1978.

*Isaacs, Comolli & Polonsky, Thomas K. Isaacs,* for appellant.

*Hills, Jones & Associates, Julius A. McKanders, II,* for appellee.

McMURRAY, Judge, concurring specially.

This case involves the setting aside of a judgment on motion to set same aside which was filed more than 30 days after a final judgment was rendered in favor of the defendant on her counterclaim. The case was called in open court *"to be heard on the regularly published non-jury calendar."* (Emphasis supplied.) Whereupon the defendant announced ready, and the plaintiff "failed to answer" and was declared in default. Whereupon *a jury was apparently impaneled* and a verdict was returned for the defendant in "the amount of $880.00 in attorney fees and $820.00 punitive damages. A total of $1,700.00." Judgment for $1,700 was then rendered in favor of the defendant.

Thereafter, the motion to open default was filed more than 30 days after entry of final judgment.

The motion does not raise an attack upon lack of notice of the case being on the calendar and ready for trial. Nor does it raise an attack upon a jury trial heard on a "regularly published non-jury calendar" or that the case was not on a jury calendar wherein the judgment was rendered by a jury. Thus, even though it is quite apparent that a motion for new trial was not filed within 30 days, nor was an extraordinary motion for new trial brought within three years, it cannot be said that this could be called in substance an extraordinary motion for new trial because of lack of notice as to a jury trial of the issues when in fact the case was only on a non-jury calendar "regularly published."

Therefore, since plaintiff in the trial court does not raise the issue of lack of notice of the calendar, I concur in the judgment only but not necessarily in all that is said in the opinion. I do, however, agree with the language of the majority that, "[n]owhere is it alleged that the defendant did not request the trial date or that the plaintiff was not given the required notice of the trial date," and there is a void as to the requisites necessary to sustain an attack based on the lack of personal jurisdiction. However, I still cannot see how the case would be called on a regularly

published nonjury calendar and then be immediately tried by jury on the same date. Certainly it appears on the face of the record that no notice of a jury hearing on the counterclaim was given to the plaintiff even if her petition be dismissed for want of prosecution.