## 57524. CLARK v. INGRAM.

McMURRAY, Presiding Judge.

On the 22nd day of May, 1978 following an action for temporary and permanent support of a minor child the defendant father was ordered to pay the sum of $500 for hospital and doctor bills involved in the birth of the child and also "pay the Plaintiff the amount of $15.00 per week for the support of the child from the date of birth of May 27, 1974, until the child reaches the age of 18, marries or becomes self-supporting, whichever occurs first, or dies." The May and August terms of the superior court then passed and on the 29th of November, 1978, the trial court in an ex-parte order, determined that the order of May 22, 1978, "is in error" in that the judgment is amended "by changing the date at which the child support payments are to commence from May 27, 1974 to May 22, 1978." The court then redrew the final judgment so that the language "from the date of birth of May 27, 1974," was changed to "from the date of this judgment, May 22, 1978," and further ordered that "all liens, judgments and/or garnishments issued pursuant to the original judgment and order are hereby null, void and set aside by this amended judgment and order. Nunc pro tunc." The

plaintiff appeals. *Held:*

1. A trial court has inherent power to modify its own judgment during the term at which it was rendered, and this power may be exercised on the court's own motion with or without notice to the parties. *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489); *Ammons v. Bolick,* 233 Ga. 324 (210 SE2d 796); *C. & S. Nat. Bank v. Burden,* 145 Ga. App. 402, 403 (1) (244 SE2d 244) and cits.

2. However, at a succeeding term, "a trial court has only such power to modify its judgment as may be given by statute." See *Cagle v. Dixon,* 234 Ga. 698 (217 SE2d 598).

3. Under Code Ann. § 81A-160 (g) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) clerical mistakes in judgments, orders or other parts of the record, "and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Of course, clerical errors from any accident, slip or omission, may, at any time be corrected by the court. See *Fisher v. Great American Mgt. & Invest.,* 145 Ga. App. 394, 396 (243 SE2d 588). In the case sub judice the trial court's corrective order refers to "erroᵢ" but not necessarily to clerical mistakes or errors "therein arising from oversight or omission." Code Ann. § 81A-160 (g), supra.

In *Smith v. Smith,* 230 Ga. 238 (196 SE2d 437), the Supreme Court held that the words "per child" was shown to have been omitted but intended by the parties to be in the judgment, and the trial court had authority to correct the judgment. However, it further stated that as to a correction of a judgment done by the court of its own initiative, it must be "obvious that it is ordinarily to be used where the clerical error or omission is obvious on the face of the record." That case was followed in *Park v. Park,* 233 Ga. 36 (209 SE2d 584), wherein a paragraph permitting modification of alimony could be added to an alimony judgment by motion wherein it was shown at a hearing on the motion that the paragraph had been omitted by clerical error. Thereafter the Supreme Court in *Cagle v. Dixon,* 234 Ga. 698, 700, supra, noted that in both *Smith v. Smith,* 230 Ga. 238, supra, and *Park v. Park,* 233 Ga. 36, supra, that these cases were exceptions to the

general principle "where there has been a hearing on a motion to correct the judgment, and the evidence compels the conclusion that the omission was in fact a clerical error." However, that court in *Cagle v. Dixon, supra,* held that in that case it "involves an ex parte amendment to a judgment and not an amendment made after notice to the parties and a hearing." Consequently, since it did not appear from the face of the record that the provisions added were originally omitted by clerical error, oversight or omission, a modification after the term was not authorized, "and the amended part of the judgment was void." As stated in *C. & S. Nat. Bank v. Burden,* 145 Ga. App. 402, supra, at p. 406 (as written on motion for rehearing) clerical mistakes can be corrected by the court. at any time provided same is "confined to its plain meaning and not inflated to include matters of substance . . ." Here the change or amendment to the final judgment in the case sub judice involves substance and the change was made ex parte without a hearing. See also *Boockholdt v. Brown,* 224 Ga. 737 (164 SE2d 836).

Ordinarily, a judgment may be set aside for fraud, accident or mistake or the acts of the adverse party unmixed with the negligence or fault of the complainant by petition in equity after the term has passed. In such cases the court may grant such relief, legal or equitable, as may be necessary to afford complete relief. See Code Ann. § 81A-160 (e), supra. Therefore, in following the decision of *Cagle v. Dixon,* 234 Ga. 698, 700, supra, since there was no hearing in the case sub judice, and as it does not appear from the face of the record that the changes made in the final judgment after the term were originally omitted by clerical error, oversight or omission, the ex parte judgment must be reversed.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED
MAY 29, 1979.

*Lee Payne,* for appellant.
*Vaughn & Barksdale, A. R. Barksdale, F. Jack*

*Lance,* for appellee.