## 60557. JENNINGS v. MESSMAN.

BIRDSONG, Judge.

This appeal challenges the trial court's judgment entered April 8, 1980 setting aside the previous order of said court dated February 22, 1980. It is uncontested that the trial court effectively reversed itself about 1-1/2 months after the first finding in favor of the plaintiff in fi. fa. on a garnishment proceeding.

On or about January 24, 1975, the appellant Sandra Jennings (plaintiff) and appellee Gary D. Messman (defendant) were divorced in the Superior Court of Clayton County. Appellant was awarded legal custody of their one child. There was evidence from which the trial court could conclude that after the divorce, physical custody of the child remained primarily with the appellee who, with his sister, provided all of the child's support except for sporadic visits and for a sustained period of eight (8) months immediately after the divorce when the child was with appellant. On December 26, 1978, the original decree was modified and the appellee was granted legal custody.

On August 14, 1979, the appellant swore an affidavit to secure a fi. fa. for child support payments she alleged were in arrears. A garnishment was issued against the Clayton County Board of Commissions as garnishee and appellee Messman as defendant in fi. fa. The appellee filed a traverse claiming that, by agreement, he was not to make child support payments while he had physical custody of the child and full responsibility for her needs, that he has seen to her needs since birth and the sums claimed are not owing.

On February 22, 1980, the trial court found the traverse of the defendant in fi. fa. to be without merit. Appellee filed a motion to set aside judgment. The trial court, on April 8, 1980, set aside its order of February 22, 1980, made findings of fact and conclusions of law, and sustained the traverse of the appellee except as to the eight-month period the appellant had physical control of the child and ordered paid to the plaintiff-appellee $480 (representing delinquent child support for eight months).

The appellant's enumeration presents three issues for resolution.

1. Could the trial court vacate and set aside its previous order on grounds of motion by the defendant in fi. fa.?

The orders of February 22, 1980 and April 8, 1980 were in the same term of court. "A trial court has inherent power to modify its own judgment during the term at which it was rendered, and this power may be exercised on the court's own motion with or without notice to the parties. *City of Cornelia v. Gunter,* 227 Ga. 464 (181

SE2d 489); *Ammons v. Bolick,* 233 Ga. 324 (210 SE2d 796); *C. & S. Nat. Bank v. Burden,* 145 Ga. App. 402, 403 (1) (244 SE2d 244) and cits." *Clark v. Ingram,* 150 Ga. App. 127, 128 (1) (257 SE2d 33). Having the power to modify the judgment on the court's own motion (without motion of either party) the court had the power to modify a judgment on motion of one of the parties even though that motion was for a new trial. To take such action tends to avoid the necessity of another trial. He could "reverse, correct, revoke, modify or vacate the judgment in the exercise of his discretion." *Bank of Cumming v. Mosely,* 243 Ga. 858 (257 SE2d 278).

2. Was the court correct in reversing without a transcript?

The appellant cites no authority that the trial court could not reverse without a transcript and we know of none. The appellant alleges the trial court had no transcript while the appellee asserts a portion, if not all of the transcript of the January, 1980 hearing, was presented at the hearing resulting in the April 8, 1980 order. Only 46 days elapsed between the February 22, 1980 order and the April 8, 1980 order. The trial court held a hearing and had the record available; and the order of April 8, 1980 including findings of fact and conclusions of law reflects a clear knowledge of the evidence, the law, and issues in the case. The court's action is not deficient in any particular.

3. Was the trial court's action in vacating and modifying the original order supported by the evidence?

There was evidence before the court from which the court could find that the appellee had been in substantial compliance with the support decree in that he had provided substantially all support for the child except for the eight-month period which appellee apparently does not contest. A father may be given credit as equity would so dictate under the particular circumstances involved when he has been in substantial compliance with the spirit and intent of the support decree. *Daniel v. Daniel,* 239 Ga. 466, 468 (238 SE2d 108); *Clark v. Clark,* 150 Ga. App. 602 (258 SE2d 282). See also *Farmer v. Farmer,* 147 Ga. App. 387, 390 (249 SE2d 106).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 8, 1981.

*Albert B. Wallace,* for appellant.
*Larry A. Foster,* for appellee.