## 37119. COOLEY et al. v. ALL THE WORLD.

MARSHALL, Justice.

This is a quia timet action, Code Ann. § 37-1411 et seq. (Ga. L. 1966, p. 443 et seq.), which was instituted by the executors and beneficiaries of the estate of Cooley.

The plaintiffs filed this petition, claiming title to an 18-acre tract of land. In the petition, Johnson and Nix are named as adverse claimants to a portion of the subject property. Johnson and Nix answered the petition, claiming title to 8.4 of the 18 acres. The case was heard by a special master, but the hearing was not reported. The special master found that while none of the parties holds legal title to the subject property, both the plaintiffs and the defendants have been in adverse possession of part of the property for over 20 years. Based on this finding, the special master concluded that the plaintiffs and defendants each have an undivided one-half interest in the entire 18-acre tract. The trial judge adopted the special master's report and entered judgment thereon.

The plaintiffs' motion for new trial was overruled by the trial judge.[1] The plaintiffs sought to appeal, but the trial judge granted the defendants' motion to dismiss the appeal for unreasonable and inexcusable delay.[2] While the defendants' motion to dismiss was pending, the plaintiffs filed a motion to amend the judgment under Code Ann. § 81A-160 (g) in order to correct an alleged "clerical mistake." Through this motion, the plaintiffs sought to have the trial judge amend the judgment so as to award the defendants an undivided interest in only the 8.4 acres claimed by them and to award the plaintiffs unrestricted fee-simple title to the remainder. Initially, the trial judge granted the motion to amend. However, the trial judge subsequently granted the defendants' motion to set aside the amended judgment on the ground that the trial judge lacked the authority to amend the judgment in the manner requested subsequent to the term during which the judgment was rendered. The original judgment was reinstated by the trial judge.

---

[1] Curiously, the plaintiffs filed their motion for new trial after filing a notice of appeal, notwithstanding the fact that the filing of the notice of appeal effectively deprived the trial judge of jurisdiction over the case. *Worley v. Southernaire Corp.,* 230 Ga. 489 (1) (197 SE2d 729) (1973) and cit. However, the overruling of the motion for new trial is not enumerated as error. Therefore, this jurisdictional irregularity is moot.

[2] Actually, the appeal was docketed in this court while the defendants' motion to dismiss was pending below. The defendants' motion to dismiss the appeal was granted after the case was remanded to the trial court to consider the motion.

The plaintiffs appeal, arguing that the original judgment is not authorized by law and that, even though the term during which the judgment was rendered has passed, the trial judge retains the authority under § 81A-160 (g) to amend the judgment for a clerical mistake at any time.

1. "A trial court has inherent power to modify its own judgment during the term at which it was rendered, and this power may be exercised on the court's own motion, with or without notice to the parties. *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489) (1971); *Ammons v. Bolick,* 233 Ga. 324 (210 SE2d 796) (1974). At a succeeding term, a trial court has only such power to modify its judgment as may be given by statute." *Cagle v. Dixon,* 234 Ga. 698 (217 SE2d 598) (1975).

2. Code Ann. § 81A-160 (g) is intended to allow clerical or typographical mistakes in judgments, or errors therein arising from oversight or omission, to be corrected at any time. *Page v. Holiday Inns,* 245 Ga. 12 (262 SE2d 783) (1980); *Cagle v. Dixon,* supra; *Clark v. Ingram,* 150 Ga. App. 127 (3) (257 SE2d 33) (1979); *Fisher v. Great American Mgt. & Inv.,* 145 Ga. App. 394 (2) (243 SE2d 588) (1978). The error which the plaintiffs seek to have corrected here cannot in any way be said to be clerical or typographical or to have arisen from oversight or omission, within the meaning of § 81A-160 (g). Accordingly, we hold that the trial judge lacked the authority to amend the judgment under § 81A-160 (g). Therefore, the trial judge did not err in setting aside his modification of the judgment.

3. However, the trial judge did err in not setting aside this judgment under Code Ann. § 81A-160 (d), which allows a judgment to be set aside for a nonamendable defect appearing upon the face of the record or pleadings.

It appears upon the face of the record in this case that on the basis of adverse possession the trial judge has awarded undivided fee-simple interests to possessors claiming adversely to each other, notwithstanding the well-established rule that possession, to be the foundation of prescription, must be exclusive. Code § 85-402; *Manning v. Manning,* 135 Ga. 597 (3) (69 SE 1126) (1911).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 9, 1981.

*Johnson & Robinson, Hammond Johnson, Jr., Chris Streifender,* for appellants.
*Kenneth R. Keene,* for appellee.