22080.   DALON v. DALON.

ARGUED JUNE 10, 1963—DECIDED JULY 3, 1963.

*Clarence Peeler, Jr.,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Hoke Smith,* contra.

ALMAND, Justice.   The record presents this question:   Where a husband and wife enter into a contract for the support of the wife and a minor, and that contract in part obligates the husband to make monthly payments of money to the wife for the support of herself and the minor child, and the contract is made a part of a final decree of divorce, does the failure of the former husband to make the child a party to proceedings for modification subject the husband's petition to dismissal?

The petition for revision of the decree was brought under the provisions of the Act of March 9, 1955 (Ga. L. 1955, p. 630; *Code*

*Ann.* § 30-220), which provides: "The judgment of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband. Such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings." The trial judge dismissed the action on the ground that the minor child "was a third party beneficiary to the original settlement contract between the parties hereto and that the said minor child had certain vested rights under the terms of the contract and was therefore an indispensable party to these proceedings."

In this ruling the court erred. The petition of the former husband sought a revision or modification of a decree for permanent alimony for the support of his former wife and child and not a revision of a contract. When the settlement contract was, by agreement, made a part of the final decree, the rights and obligations of the parties were given and imposed by the decree. Cf. *Amos v. Amos,* 212 Ga. 670 (95 SE2d 5). The decree provides for the monthly payment of alimony to the former wife for her support and for the support of the minor child. In receiving payments of alimony for the support of the child the wife acts as trustee or guardian and should use the same for the benefit of the child. *Thomas v. Holt,* 209 Ga. 133 (2) (70 SE2d 595).

The Act of 1955, under which the petition was filed, provides that the rules of procedure applicable to divorce proceedings shall be followed. The minor child was not an indispensable party to the divorce decree and is therefore not an indispensable party to an action to revise that decree.

The court erred in dismissing the petition.

*Judgment reversed. All the Justices concur.*