## 24424. GRIZZARD v. GRIZZARD.

SUBMITTED DECEMBER 12, 1967—DECIDED JANUARY 18, 1968.

*Mose S. Hayes,* for appellant.

*Grant, Spears & Duckworth, William G. Grant,* for appellee.

MOBLEY, Justice. Mrs. Ida Renfroe Grizzard brought a petition against James Carr Grizzard seeking to modify a judgment for alimony for herself and support for the minor child of the parties. The defendant made a motion for summary judgment on the grounds that the parties entered into a valid and binding contract settling and adjusting all property rights between them, including the claims of the plaintiff for her support and maintenance, and that this contract is not subject to revision, modification, or change under Ga. L. 1955, pp. 630, 631, as amended (*Code Ann.* § 30-220); and that the sum of $150 per month being paid for the support of the minor child is more than adequate for his support and maintenance. In the affidavit attached to the motion the defendant averred that the settlement agreement was a valid and binding agreement, and that he has complied with all the provisions of the agreement. In the affidavit of the plaintiff, in response to the motion for summary judgment, she averred that the contract between the parties was made the judgment of the court, and such a judgment is

subject to modification; and that the amount of support in the judgment is not sufficient for the support of the child. The motion for summary judgment was granted, and the appeal is from this judgment.

■ The motion for summary judgment, the affidavit in support thereof, and the affidavit in opposition to the motion, were all filed prior to the effective date of the Civil Practice Act, and the rulings here made are under the law as it existed prior to the effective date of that Act. See Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238 (*Code Ann.* § 81A-156) for the provisions of the Civil Practice Act as to the grant of summary judgment.

The appellee contends that he was entitled to summary judgment because the petition did not sufficiently allege a change in his financial condition, and the affidavit of the appellant made no statement as to the appellee's financial condition. The petition alleged that he was earning approximately $29,564.98 per year at the time of the alimony judgment, and that the plaintiff "verily believes" that his income is now in excess of $100,000.

Where a plaintiff makes a motion for summary judgment, he is not entitled to such judgment unless his petition and the depositions, admissions, and affidavits show that he is entitled to prevail. *Wells v. Wells,* 216 Ga. 384 (1) (116 SE2d 586). A ruling on motion for summary judgment of the defendant is a determination only of the right of the defendant to a judgment in his favor on the grounds of his motion, and does not determine the sufficiency of the petition to state a cause of action. *Sanders v. Alpha Gamma Alumni Chapter,* 107 Ga. App. 403, 405 (130 SE2d 255). On review this court will consider only the question of whether the appellee was entitled to a summary judgment on the grounds made by his motion.

■ The issue made by the motion for summary judgment is whether the appellant may seek a revision of an award of periodic payments of alimony for herself and support for the minor child of the parties, in a final judgment and decree in a divorce and alimony case, which judgment and decree adopted an agreement of the parties wherein the appellant expressly released the appellee from any and all claims for alimony.

The contract which was made the judgment of the court provided that the appellee should pay $2,000 on the purchase price of a home for the appellant, and the closing costs of such purchase; transfer title to certain personal property to her; pay $200 per month to her for life or until she remarries; pay $150 per month for the support of their minor child until he becomes 21 or self-supporting; pay medical, dental, drug, and hospital bills for the child; purchase a policy of life insurance naming the appellant as beneficiary; and pay $1,000 as attorney's fees.

While this award contained some items from the corpus of the appellee's estate it is not an award from the corpus of a husband's estate, *in lieu of periodic payments of alimony*, which would not be subject to revision under Ga. L. 1955, pp. 630, 631 (*Code Ann.* § 30-222).

This court has held that a judgment for alimony or support based on a contract between a husband and wife has "the same legal status as one based on a jury's verdict or the court's finding from evidence insofar as revision of it under the Act of 1955 is concerned." *Nelson v. Roberts,* 216 Ga. 741 (2) (119 SE2d 545). See also *Dalon v. Dalon,* 219 Ga. 185, 186 (132 SE2d 195).

The contract contained the stipulation that the appellant "does hereby release and discharge second party from any and all claims and liabilities of every nature whatsoever that first party may have against second party for the support, alimony, both temporary and permanent, attorney's fees, dower and year's support of first party." Even if it may be assumed that the mother could waive the rights of the minor child (compare *Glaze v. Strength,* 186 Ga. 613 (198 SE 721); *Varble v. Hughes,* 205 Ga. 29, 32 (52 SE2d 303); *Corriher v. McElroy,* 209 Ga. 885 (1) (76 SE2d 782)), the appellant by her stipulation did not purport to release any claim that the minor child might have for support. Unquestionably, she can seek a revision of the judgment for the support of the minor child. The appellee apparently agrees with this, as he only contends in his brief that there is no showing that the child needs an additional amount for its support.

The appellee urges that the appellant released him from all

claims that she has for alimony under her contract, which was made the judgment of the court, and that she can not seek a revision of that judgment. "[A] person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." *Code* § 102-106. In consideration of the provision made for her support by the appellee, the appellant agreed to waive any and all claims she "may have" against him. This would include any future right to seek an increase in the amount of periodic payments for her support. She is thus estopped by her waiver to seek any increase in alimony payments for herself in this action.

Since the appellant would be entitled to seek an increase in the amount of periodic support payments for the minor child, and the issue of fact as to the right to have the payments increased for the child was not resolved by the affidavits submitted on the motion for summary judgment, it was error to grant the appellee's motion for summary judgment.

*Judgment reversed. All the Justices concur.*