27963. EDDINGS v. EDDINGS.

NICHOLS, Justice. On August 24, 1970, a divorce was granted. An agreement entered into by the parties as to alimony, etc. was approved by the court and made a part of the divorce decree. On November 6, 1972, the present petition for modification of the alimony award was made. After hearing, the trial court granted an order temporarily reducing the award to $0 per month. The appeal is from this judgment.

A motion to dismiss was filed by the former husband in which it is contended that the order is not appealable without being certified for immediate review.

The appellant, former wife, contends that the award of alimony and the agreement on which it was based was not one that was subject to be later modified.

The agreement read in part: "The Husband shall pay to the Wife as alimony the sum of $250 per month, payable $125 on the first of each and every month and $125 on the fifteenth of each and every month. Said payments are to begin June 1, 1970, and payable so long as the wife is alive and has not remarried, or for a five year period, whichever is shorter.

"Upon full compliance with the terms, conditions and provisions hereof by Husband, Wife shall and does accept the performance of the same in full, complete and final settlement and payment of any and all obligations of Husband to Wife for any reason whatsoever, and Wife does release, relinquish and satisfy any and all claims of any kind or character which she has or might have against Husband, including but not limited to property rights, dower, year's support, alimony and attorney's fees. Upon compliance with the terms, conditions and provisions

hereof by Wife, Husband shall and does accept the performance of the same in full, complete and final settlement and payment of any and all obligations of Wife to Husband for any reason whatsoever, and Husband does release, relinquish and satisfy any and all claims of any kind or character which he has or might have against Wife.

"This agreement is the entire agreement by and between the parties, and no modification of the terms herein shall be valid unless in writing signed by both parties."

*Held:*

1. The motion to dismiss is denied inasmuch as the appeal is one authorized without certification by the provisions of the Appellate Practice Act (Ga. L. 1965, p. 18 as amended; Code Ann. § 6-701 (a3)).

2. Under decisions exemplified by *Grizzard v. Grizzard,* 224 Ga. 42 (159 SE2d 400); *Ferris v. Ferris,* 227 Ga. 465 (181 SE2d 371); *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 575); and *Harrison v. Harrison,* 228 Ga. 564 (186 SE2d 884), the agreement was not subject to modification, such right having been waived by the agreement which had the approval of the trial court at the time the divorce decree was entered. Accordingly, the judgment reducing the monthly payments due the former wife under the agreement must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 12, 1973 — DECIDED JULY 2, 1973.

*Lewis, Lewis, Spearman & Bynum, Joe H. Bynum, George L. Pope, Jr.,* for appellant.

*David Crosland,* for appellee.