### 28770. JOHNSON v. JOHNSON.

NICHOLS, Presiding Justice.

William Judson Johnson, Sr. filed a petition in the Superior Court of Grady County in which he sought a modification of alimony payments due his former wife, Margaret H. Johnson, under a decree which made an agreement between the parties a part thereof. The petition alleged that the agreement was entered into on August 25, 1970 and made a part of the decree dated September 25, 1970.

The former wife filed a cross complaint seeking to have the former husband held in contempt of court based on the allegations of the complaint which showed a failure on the part of the former husband to make the payments required by the agreement.

In due time the former wife filed a motion for summary judgment. One ground of such motion was based on the terms of the agreement which it was contended precluded any modification of such decree.

In reply to the motion for summary judgment the former husband contended that the agreement attached to the motion for summary judgment was dated August 25, 1970, while the decree specified an agreement dated September 25, 1970, was made a part of such divorce decree, and that the terms of the agreement would not prevent a modification of the monthly payments provided for therein.

The trial court granted the former wife's motion for summary judgment and the appeal is from this judgment. The sole enumeration of error contends that the divorce

decree and agreement made a part thereof was subject to modification under the provisions of the Act of 1955 (Ga. L. 1955, p. 630, et seq.; Code Ann. § 30-220, et seq.).

The agreement, made a part of the divorce decree, reads in part as follows: "Whereas, it is the desire of the parties to settle between them all rights and claims which each may have against the other by virtue of the marital relationship, including rights of alimony, both temporarily and permanently, dower or allowance, year's support, either statutory or at common law, and any and all claims and interest that each party has or may in the future have in the estates or property of the other; and . . . Each of the parties hereby releases the other from all claims and demands of every kind, name or nature, including all liabilities at any time hereafter existing, accruing either on account of maintenance or dower, inheritance or allowances, either statutory or arising at common law, incident to the marriage relation, intending hereby to relieve each of the said parties entirely from all personal claims and demands and from any that may hereafter attach, arising in any manner from the relation of husband and wife, incident to any divorce suit now pending. . . This contract is complete and covers all the terms and agreements between the parties."

Under decisions exemplified by *Eddings v. Eddings.* 230 Ga. 743 (199 SE2d 255), and the cases there cited, the agreement in the present case precluded either party from obtaining a modification and the trial court did not err in granting the former wife's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

Submittted March 29, 1974 — Decided April 16, 1974.

*J. Patrick Ward,* for appellant.
*Carlisle & Chason, Edwin A. Carlisle,* for appellee.