## 29033. GARCIA v. GARCIA.

JORDAN, Justice.

Appellant and appellee were divorced in September 1971, the decree incorporating an agreement providing for $150 per month per child for child support and $500 per month for alimony. In September 1972, appellant husband filed his petition seeking a decrease in alimony

and child support payments due to a change in his financial circumstances. After a hearing, the trial court reduced the child support payment to $75 per month per child but found "as a matter of law that it lacks jurisdiction to modify the decree . . . and agreement . . . relative to payment of alimony" to the appellee.

Appellant appeals from the overruling of his motion for new trial, contending that the trial court erred in holding that it lacked jurisdiction to modify the decree relative to payment of alimony to the appellee. *Held:*

1.  A judgment for periodic payments of alimony and child support is subject to revision by either party upon "showing a change in the income and financial status of the husband." Code Ann. § 30-220 et seq. However, this court has held many times that as to permanent alimony a decree cannot be modified under the provisions of this code section where there is an agreement between the parties, incorporated in the decree, which waives the right of modification. *Grizzard v. Grizzard,* 224 Ga. 42 (159 SE2d 400); *Ferris v. Ferris,* 227 Ga. 465 (181 SE2d 371); *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 351); *Harrison v. Harrison,* 228 Ga. 564 (186 SE2d 884); *Eddings v. Eddings,* 230 Ga. 743 (199 SE2d 255); and *Johnson v. Johnson,* 232 Ga. 103 (205 SE2d 270).

The agreements in the above stated cases have included such waiver language as a "release from all claims she may have" *(Grizzard);* "parties are desirous of *settling all questions* relative to temporary and permanent alimony" *(Ferris);* parties "expressly · waive . . . right . . . to modify or revise this agreement" *(Steffner);* "neither party shall have any claim against the other for any reason whatsoever" *(Harrison);* parties "release and relinquish . . . any and all claims" which either "has or might have" against the other *(Eddings);* "each of the parties hereby releases the other from all claims or demands of every kind" *(Johnson).*

It appears that in this line of cases the agreements contained language of an express waiver or release which estopped either party from seeking a subsequent modification.

The only language in the agreement in the present case touching on the question of waiver is as follows:

"Whereas, the parties are now desirous of settling their property rights, alimony, maintenance, dower, division of property, custody and support for the children, and agreeing upon terms for the wife's support."

This language is cast in the present tense and there appears no effort in this or other portions of the agreement to foreclose any future rights which might accrue to either party. While it is true, as pointed out in *Steffner,* supra, that a person may waive or renounce what the law has established in his favor, citing Code § 102-106, such waiver should be clearly intended and expressed by the person so waiving. Code Ann. § 30-220 gives either party a right to seek modification of a decree under the circumstances stated therein. This can be a valuable right to either the husband or the wife and should not be abrogated or restricted unless clearly and expressly waived. We do not think the language of this agreement meets that test.

It follows that in this case the trial court had the authority under Code Ann. § 30-220 et seq. to modify the decree and agreement incorporated therein both as to child support and alimony.

The order of the trial court reduced the child support on the basis of the showing made by the appellant. The case is therefore remanded to the trial court for a determination as to whether a modification shall be made in the amount of alimony previously awarded to the appellee.

*Judgment reversed with direction. All the Justices concur.*

ARGUED SEPTEMBER 12, 1974 — DECIDED OCTOBER 1, 1974.

*Westmoreland, Hall, McGee & Warner, P. Joseph McGee, Paul R. Jordan,* for appellant.