## 29752. McLOUGHLIN v. McLOUGHLIN.

Hall, Justice.

The issue presented is whether a 1966 agreement of the parties which was made a part of the final judgment and decree in their divorce case constitutes a waiver of former husband's present claim for modification under Code Ann. § 30-220 of the monthly alimony award to his former wife upon the ground of his changed financial circumstances. Wife claims that the following provisions of their agreement constitute such a waiver:

"Whereas, the parties hereto are desirous of entering into a settlement with respect to alimony, property rights, custody of and support of their minor child, but in no wise consenting to a divorce, . . .

"Husband shall pay to wife the sum of $400.00 per month as alimony, said payments to be made as provided in paragraph 2 above and continuing for so long as wife lives and remains unmarried. . .

"It is agreed that this is a full, complete and final settlement between the parties, and that this agreement shall be submitted to the Judge presiding in Fulton Superior Court for approval, and that the same be made a part of any final judgment and decree, if same be rendered in said case."

A contractual agreement for alimony is subject to

modification under Code Ann. § 30-220, unless the complaining party is estopped for some reason to seek the modification. *Grizzard v. Grizzard,* 224 Ga. 42 (159 SE2d 400). By contract, a wife may waive her right to alimony (*Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859)), and the parties may also waive their rights to seek future modifications of agreed-upon alimony amounts. The question in each case is whether the agreement manifests such a waiver, or is merely an agreement for an initial amount subject to later modification.

We find that the quoted provisions of the agreement between the parties do not constitute a waiver of husband's right to seek modification, and we reverse the superior court's grant of wife's motion to dismiss that portion of husband's complaint seeking modification.

Our conclusion is based upon review of the following cases, all of which involved periodic alimony, and all of which ruled the agreements there considered barred any alimony modification: *Grizzard v. Grizzard,* supra; *Ferris v. Ferris,* 227 Ga. 465 (181 SE2d 371); *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 575); *Harrison v. Harrison,* 228 Ga. 564 (186 SE2d 884); *Eddings v. Eddings,* 230 Ga. 743 (199 SE2d 255); *Dimon v. Dimon,* 231 Ga. 750 (204 SE2d 148) and *Johnson v. Johnson,* 232 Ga. 103 (205 SE2d 270). We find each of these cases distinguishable from this appeal upon the following grounds. In *Grizzard,* the agreement contained express language of release and discharge of all other claims wife "may have" against husband. In *Ferris* the following language appeared: "plaintiff is not responsible for any other indebtedness of any other kind whatsoever subsequent to signing this agreement." *Steffner* and *Johnson* involved express language agreeing to seek no modification of alimony. In *Harrison* it was agreed that "Except as herein provided, neither party shall have any claim against the other for any reason whatsoever." Similarly, the *Eddings* agreement contained strong language of release and waiver of other claims and in *Dimon* each waived rights to the property or income of the other.

In contrast to those cases the instant agreement contains no language which expressly or impliedly constitutes a waiver of the right to seek modification; the

use of the term "full, complete and final settlement" does not, alone, have this effect.

Because reversal is required for the foregoing reason, it becomes unnecessary to consider husband's additional arguments for reversal.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 29, 1975.

*Ronald J. Armstrong,* for appellant.
*Dewberry & Avery, C. Richard Avery,* for appellee.