### 29890. IVEY v. IVEY.

JORDAN, Justice.

Virginia Grogan Ivey appeals from the grant of summary judgment to Harold W. Ivey, her former husband, in her action for modification of an alimony judgment.

The appellee's motion for summary judgment was based on the pleadings of the parties. He contended that the appellant was precluded from obtaining a modification of the alimony award by the agreement of the parties which was made the judgment of the court in the divorce action.

The appellant, in opposition to the motion, contended that there was no language in the contract which would bar her subsequent action for the modification of the periodic payments of alimony. She further submitted evidence concerning her mental condition at the time the agreement was executed.

The appellant asserts that the court erred in granting the appellee's motion for summary judgment, and in thus precluding a determination of the two issues of fact: (1) whether the parties to the agreement intended a waiver of her right to modify the decree; and (2) whether the appellant, by reason of her mental state at the time the agreement was executed, understood her right to modify the decree and her ability to waive that right.

1. The first question for determination by this court is whether the agreement of the parties, made the judgment of the court in the divorce case, provides in clear and unambiguous language, needing no parol explanation, that the appellant waived the right to modify the alimony award.

The agreement recites that the parties "are desirous of settling their property rights, alimony, maintenance, dower, division of property, etc." It provides that the appellee shall pay $1,666.66 per month for the support of the appellant, which shall be a charge against his estate if he should predecease her, and "shall be subject to no contingencies and shall not be abated or avoided except on the death of the wife," with certain provisions in the event of her remarriage.

The first sentence of paragraph 8 of the agreement is as follows: "Except as otherwise herein expressly provided, the parties shall and do hereby mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and in equity, which each of them ever had, now has, or may hereafter have against the other upon and by reason of any matter, cause or thing up to the date of the execution of this agreement." The remainder of the paragraph is a mutual waiver by the parties of any right in each to share in the estate of the other.

A provision that the support for the wife should survive the death of the husband was found by this court to be of significance in construing an agreement between the parties in *Ferris v. Ferris*, 227 Ga. 465 (181 SE2d 371).

It is argued in the brief for the appellant that the "only prospective aspect of the release provision is as to causes of action which might accrue in the future as a result of matters occurring prior to the date of the execution of the agreement," and that "an action for modification accrues only upon the occurrence of events and matters taking place subsequent to the date of the decree to be modified." We do not agree with this contention.

The action for modification of alimony falls within the appellant's analysis of the prospective aspect of the release. The modification action is one that accrues in the future as the result of matters occurring up to the date of the execution of the agreement. The right to alimony arises solely from the marriage relation, and this relation was terminated by divorce on the date the agreement was executed. Modification of alimony is permitted by statute in accordance with a change in the income and financial status of the husband (Ga. L. 1955, pp. 630, 631; 1964, pp. 713, 714; Code Ann. § 30-220), but the right of modification is entirely dependent on the entry of the original alimony judgment. No new action would accrue merely because of the change in income and financial status if the alimony judgment had not been previously rendered. The modification action would therefore fall within the provision of the agreement discharging each of

the parties from any action he or she "may hereafter have against the other upon and by reason of any matter, cause or thing up to the date of the execution of this agreement."

Some of the cases previously decided by this court dealing with the question of whether an agreement between a husband and wife waived the right to modify an alimony judgment are as follows: *Grizzard v. Grizzard,* 224 Ga. 42 (159 SE2d 400); *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 575); *Harrison v. Harrison,* 228 Ga. 564 (186 SE2d 884); *Eddings v. Eddings,* 230 Ga. 743 (199 SE2d 255); *Dimon v. Dimon,* 231 Ga. 750 (204 SE2d 148); *McLoughlin v. McLoughlin,* 234 Ga. 259.

The agreement between the parties in the present case, which was made the judgment of the court in the divorce action, barred the appellant from bringing an action for modification of the judgment for alimony.

2. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties . . . as to all matters put in issue . . . in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501.

The appellant is not attempting to set aside as void the decree and judgment in the divorce case incorporating the agreement of the parties. She is relying on that judgment in her action to modify it. She will not be permitted in her modification action to collaterally attack the judgment by proving her inability to understand her rights, nor will she be permitted to show that she had an intention contrary to the plain provisions of the agreement. If she was incompetent to understand the agreement at the time it was executed and made the judgment of the court, her only recourse is to bring a direct action to set the judgment aside.

The issues of fact asserted by the appellant being on matters not germane to the action to modify the alimony award, it was not error for the trial judge to enter summary judgment in favor of the appellee.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 13, 1975 — DECIDED JUNE 2, 1975.

*Stack & O'Brien, Ronald W. Rogers, David J. Keeler,* for appellant.

*Alex McLennan,* for appellee.

HILL, Justice, concurring.

Based upon the precedents cited, particularly *Harrison v. Harrison,* 228 Ga. 564 (186 SE2d 884) and *Dimon v. Dimon,* 231 Ga. 750 (204 SE2d 148), I concur in the decision of the court.

For myself, before finding a waiver of the statutory right to modify an alimony judgment (Code Ann. § 30-220), I would prefer an express waiver of the right to modify the agreement and of the right to petition to modify the judgment, such as was present in *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 575).

However, other decisions (including this one) hold that an express waiver of the right to modify is not essential; such waiver may arise from the general terms of the agreement.

In view of the fact that general provisions may result in a waiver of the right to modify, prudent counsel may want to provide specifically that the right to modify is expressly waived, or expressly preserved. Such specific provision would clarify the rights of the parties and would avoid subsequent litigation.