## 30204. MITCHELL v. MITCHELL.

Nichols, Chief Justice.

Willis Michael Mitchell appeals from a judgment dismissing his action for modification of an alimony judgment. On the hearing of the motion to dismiss the original divorce decree was considered, although it was

not a part of the pleadings in this case. Accordingly, the motion to dismiss is properly treated as a motion for summary judgment. See Ga. L. 1966, pp. 609, 622, as amended (Code Ann. § 81A-112 (c)).

The agreement entered into by the parties and made a part of the divorce decree provided in part: "Upon compliance with the terms and conditions of this order as to the property to be set aside to the Plaintiff, *the same shall be in full and final settlement of any and all obligations of the Defendant to provide support and alimony of any kind and nature to the Plaintiff,* [Emphasis supplied] and upon the execution of the necessary documents to transfer the property herein described, the same shall be in full and final satisfaction of any such obligation thereunder."

This language bars the appellant from obtaining a judgment reducing the amount of alimony he is required to pay his former wife (*Eddings v. Eddings,* 230 Ga. 743 (199 SE2d 255), and citations), and it is unnecessary to decide whether an agreement requiring the former husband to pay monthly payments for 354 months is properly construed as a requirement to make "weekly, monthly, annual or similar periodic payments" or "an award from the corpus of the husband's estate in lieu of such periodic payments" as referred to in the Act of 1955 (Ga. L. 1955, pp. 630, 631; Code Ann. § 30-222).

The former wife's motion to dismiss was limited to that part of the former husband's complaint which sought to modify the alimony payments due the former wife and did not go to any child support required by the original decree. Inasmuch as neither the father nor the mother could waive any rights as affected child support, and the colloquy which took place at the hearing making it appear that child support was involved as well as alimony to the former wife, the judgment of the trial court dismissing the former husband's complaint is affirmed insofar as modification of payments due the wife is concerned, and the case is remanded for a determination as to child support. Compare *Watson v. Hopper,* 234 Ga. 408 (216 SE2d 305) where, as here, a colloquy occurred which indicated that the plaintiff was not required to go forward with the remaining contentions of his case but yet the

final judgment of the trial court determined that he had abandoned such contentions.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED AUGUST 8, 1975 — DECIDED SEPTEMBER 11, 1975.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.
*Cheeley & Chandler, Joseph E. Cheeley, Jr., Richard B. Chandler, Jr.,* for appellee.