## 30738. KITFIELD v. KITFIELD.

HALL, Justice.

Appellant, former husband, sought modification of his alimony obligation under a divorce and alimony judgment that had incorporated a contract between him and his former wife, appellee herein, governing property and alimony rights between them. On her motion, the trial court dismissed the complaint on the ground that the contract language foreclosed future modification. Husband appeals and we reverse.

The contract language urged by wife appears in the preamble and in paragraph 15. The preamble stated that: "Whereas, the parties desire to settle all questions which could be appropriately settled in said case, except that neither of the parties hereto consents to a divorce." (Sic) Paragraph 14 of the contract, executed in 1965 before a divorce was granted, reads: "It is stipulated and agreed that this agreement is a *complete and final settlement of any and all rights* that either of the parties hereto may have against the other which could be appropriately settled in said case, but neither of the parties hereto consents to a divorce." (Emphasis supplied.)

"A judgment for periodic payments of alimony or child support based on a contract between a husband and wife is subject to revision under Ga. L. 1955, pp. 630, 631, as amended (Code Ann. § 30-220 et seq.), upon a change in the income and financial status of the husband." *Grizzard v. Grizzard,* 224 Ga. 42 (2) (159 SE2d 400) (1968). That statutory modification right, however, may be waived by appropriate contract language. Id.; *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972).

The appellee-wife argues that modification of this judgment incorporating the parties' contract would accomplish unconstitutional impairment of the obligation of contracts in violation of Code Ann. § 2-302. Long-standing authority shows that this argument is without merit. Technically, what is being modified is a judgment of the court and not a contract. Modification will be allowed unless the contract specifically waives the right to modification. This result rests on the conclusion that a statutory right to modification of an alimony judgment ought not to be disallowed unless the parties have by contract specifically so agreed. This is merely one of many perfectly valid examples of rights which courts will not find waived by contract absent very clear waiver language. This is not an impairment of contract, it is a rule for contract interpretation. Appellee's assertion that the contract must expressly preserve the modification right or else it vanishes, is backwards; the right exists unless clearly waived. *Ivey v. Ivey,* 234 Ga. 532 (216 SE2d 827) (1975).

We must now decide whether the modification right has been waived. This is a question of intent. We must look for and find the parties' "intent" in a document the language of which will support an argument either way. We cannot tell from this contract what the parties actually intended, or whether the draftsman even anticipated the possibility of a later suit for modification.

The language stipulating that settlement is being made of "any and all rights" that either "may have against the other which could be appropriately settled in said case" contains at least in its first part the present tense (rather than future tense) emphasis which we ruled in *Garcia v. Garcia,* 232 Ga. 869, 871 (209 SE2d 201) (1974) inadequate to waive the right to modification. We have recently ruled, in *McLoughlin v. McLoughlin,* 234 Ga. 259 (214 SE2d 925) (1975) that the term "full, complete and final settlement" does not, alone, have the effect of waiving modification. But on the other hand, the contract also attempts to sweep broadly in referring to all rights which "could be" now settled; and strictly speaking future alimony "could be" presently settled. Had this agreement read ". . . any rights which either may now *or*

*hereafter* have against the other which could be appropriately settled in said case," this contract would have waived modification rights even more clearly than the language in *Mitchell v. Mitchell,* 235 Ga. 101 (218 SE2d 838) (1975) (where we ruled that an agreement in full and final settlement of any obligation for alimony "of any kind and nature" waived modification) and almost as clearly as in *Ivey v. Ivey,* 234 Ga. 532 (216 SE2d 827) (1975).

On balance, though the question is close, we decide that waiver has not occurred because the language does not provide "in clear and unambiguous language, needing no parol explanation, that the appellant waived the right to modify the alimony award." *Ivey v. Ivey,* supra, p. 532. In *McLoughlin v. McLoughlin,* 234 Ga. 259, 260 (214 SE2d 925) (1975) we discussed the waiver language which we found adequate in numerous prior opinions. In contrast to those phrasings, in the instant agreement the language is too vague to assure us that waiver of modification was intended.

Because appellee-wife cannot show with this contract language that modification was waived, it follows that this contract did not bar an action for statutory modification of the alimony judgment (*Ivey v. Ivey,* and *McLoughlin v. McLoughlin,* both supra); and the judgment dismissing the complaint was erroneous.

*Judgment reversed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only, and Nichols, C. J., and Gunter, J., who dissent.*

ARGUED FEBRUARY 10, 1976 — DECIDED JUNE 8, 1976—
REHEARING DENIED JULY 8, 1976.

*Westmoreland, Hall, McGee & Warner, C. Wilbur Warner, Jr., Edward E. Bates, Jr.,* for appellant.

*Jack P. Turner, Nelson G. Turner, Robert G. Wellon,* for appellee.

GUNTER, Justice, dissenting.

I dissent in this case, because I have concluded that the time has come for this court, in modification cases, to

stop a case-by-case construction of alimony contracts voluntarily entered into between a husband and a wife prior to their divorce.

I am simply unable to perceive any rational rule established by recent decisions of this court on this subject. See the following cases: *Grizzard v. Grizzard,* 224 Ga. 42 (159 SE2d 400) (1968); *Ferris v. Ferris,* 227 Ga. 465 (181 SE2d 371) (1971); *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 575) (1971); *Harrison v. Harrison,* 228 Ga. 564 (186 SE2d 884) (1972); *Eddings v. Eddings,* 230 Ga. 743 (199 SE2d 255) (1973); *Dimon v. Dimon,* 231 Ga. 750 (204 SE2d 148) (1974); *Johnson v. Johnson,* 232 Ga. 103 (205 SE2d 270) (1974); *Garcia v. Garcia,* 232 Ga. 869 (209 SE2d 201) (1974); *McLoughlin v. McLoughlin,* 234 Ga. 259 (214 SE2d 925) (1975); *Ivey v. Ivey,* 234 Ga. 532 (216 SE2d 827) (1975); *Mitchell v. Mitchell,* 235 Ga. 101 (218 SE2d 747) (1975).

It is elementary to me that upon separation, a husband and wife may by contract settle all property rights that each claims; and it is equally elementary to me that they may by contract settle or terminate the obligation, imposed by the state, of the husband for future support of the wife. If the obligation of future support is established by such a contract, and if such contract does not expressly state that such future obligation is subject to modification, it is my view that there can be no later modification of that contractual obligation without a new and valid contract between the parties.

A mere judgment rendered by the court establishing a future alimony obligation, and no contract between the parties being involved, is subject to later modification pursuant to Code Ann. § 30-220. But the statutory authorization to modify a mere judgment does not and cannot authorize the modification of a binding and final contract entered into between the contracting parties.

Paragraph 15 of the contract in this case, executed in 1965 before a divorce was granted, reads: "It is stipulated and agreed that this agreement is a *complete and final settlement of any and all rights* that either of the parties hereto may have against the other which could be appropriately settled in said case, but neither of the parties hereto consents to a divorce."

The preamble to the contract stated that a complaint for divorce had been filed, and then this language followed: "Whereas, the parties desire to settle all questions which could be appropriately settled in said case, except that neither of the parties hereto consents to a divorce. It is, therefore, for and in consideration of the mutual promises and benefits to be obtained by each of the parties hereto and other good and valuable consideration receipt of which is hereby acknowledged, agreed as follows:". Then followed sixteen numbered paragraphs detailing the settlement between the parties including future support of the wife by the husband.

The appeal in this case is from a judgment that dismissed appellant's complaint to modify a divorce and alimony judgment that had incorporated the contract between the parties settling property and alimony rights between them.

I think the judgment of the trial court was correct for the reasons stated in this dissenting opinion, and if the judgment below is right for any reason, then it should be affirmed on appeal.

In any event, I think the appellee can rely solely on her contract rights in the trial court, I think her contract rights have not and cannot be impaired by the trial court under the guise of modifying a mere judgment, and I think that any judgment modifying her contract rights will be erroneous.

In *Grizzard v. Grizzard,* 224 Ga. 42, supra, this court said: "In consideration of the provision made for her support by the appellee, the appellant agreed to waive any and all claims she 'may have' against him. This would include any future right to seek an increase in the amount of periodic payments for her support. She is thus estopped by her waiver to seek any increase in alimony payments for herself in this action." P. 45. In the instant case, the appellant, by his contract made with his former wife in 1965, contracted to make periodic payments to her in settlement of her claim for "future support" for which he was obligated. After that contract was executed between the parties, it is my view that the contract prohibited appellee from seeking an increase in future support payments that had already been settled, and appellant

was prohibited from seeking a reduction in future support payments that had already been settled.

I have reviewed all of the eleven cases cited in the second paragraph of this dissenting opinion; and it is my view that *Garcia v. Garcia* and *McLoughlin v. McLoughlin* are mere aberrations in the law on this subject; and both are erroneous. I accept my full responsibility for both of them, but I will have no further part in perpetuating the error.

If this court insists upon construing these contracts in this manner, making technical distinctions based on the inclusion of "magic words," contracting parties who really think that they are actually settling all claims and obligations for future support should rely solely on the contract and not permit the contract itself to be incorporated into or made a part of the divorce judgment. By so doing, each party could rely solely upon the contract, and his or her contract rights could not then be impaired by a judgment of a court or by future legislation. Code Ann. § 2-302.

I respectfully dissent.