## 31222. WOOD v. WOOD.

HALL, Justice.

In appellant-husband's suit for modification of alimony, appellee-wife moved for judgment on the pleadings on the ground that the language of their agreement, incorporated in the decree, waived the right to modify. Her motion was granted, and the husband appeals.

The agreement between the parties reads in pertinent part as follows: "The husband, . . . will pay and the wife will accept, in full satisfaction of all alimony, temporary and permanent, and in final satisfaction of all property disputes, claims or issues that are or could be in this or any other law suit that could be filed at this time, the following:

"(A) Defendant . . . will pay to Plaintiff . . . the sum of Six Hundred ($600.00) Dollars per month . . . This payment shall be a charge upon the husband's estate and shall survive his death if the wife be in life and unmarried. . . ."

Paragraph 3 of the agreement reads as follows: "The parties have made no agreement concerning divorce, and they make none hereby, but if there should be a divorce or separation, either legal or informal, this Agreement shall in all respects govern their property, support, alimony and financial claims one against the other. . ."

Under the reasoning of *Kitfield v. Kitfield,* 237 Ga. 184 (1976), and the cases cited therein, the trial court did not err in concluding that by this contract language husband waived his right to seek later modification of the

alimony amount.

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only, Gunter, J., who concurs specially, and Nichols, C. J., who dissents.*

ARGUED JUNE 16, 1976 — DECIDED JULY 9, 1976 —
REHEARING DENIED JULY 23, 1976.

*Frank A. Bowers, Stephen Clifford,* for appellant.
*Ben J. Camp,* for appellee.

GUNTER, Justice, concurring specially.

I concur in the judgment of the court but not on the basis of the reasoning contained in the majority opinion in *Kitfield v. Kitfield,* 237 Ga. 184 (1976). See my dissenting opinion in that case.