## 33256. WOOD v. WOOD.

HILL, Justice.

Since his divorce, this is the husband's third appeal to this court. In *Wood v. Wood,* 237 Ga. 335 (227 SE2d 375) (1976), we affirmed the trial court's finding that under the terms of their separation agreement the former husband had waived his right to seek reduction of the alimony payments due his former wife.

*Wood v. Wood,* 239 Ga. 120 (236 SE2d 68) (1977), was an appeal by the husband of the wife's third application for contempt. The evidence showed that for 10 years he had successfully frustrated her efforts to collect money due her. There we affirmed the trial court's finding that the husband was in wilful contempt of court based upon evidence that he had systematically sought to defeat his former wife's alimony claim.

Following that affirmance, the former husband filed a motion for reconsideration of findings of wilfulness. The trial court conducted a hearing after which the trial judge said: "The evidence you have presented to me, sir, is

exactly the same evidence you gave to me in December, 1976." The court found the husband in wilful contempt of that same order previously affirmed on appeal requiring him to pay the sum of $2,519.12. Husband's counsel tendered a notice of appeal at the conclusion of the hearing.

On this appeal, the husband urges that the evidence submitted on his motion for reconsideration showed he was unable to pay the sum of $2,519.12.

1. Treating the husband's motion for reconsideration as an application for discharge from contempt, see Code Ann. § 6-701(a)3,[1] we find that there is evidence to support the trial court's finding. *Wood v. Wood,* supra, 239 Ga. at 122.

2. We find further that this appeal was taken for delay only and the clerk is directed to enter ten percent damages upon the remittitur. Code Ann. § 6-1801.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 13, 1978 — DECIDED FEBRUARY 28, 1978.

*Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellant.

*Camp, Haddon, King & Jackson, Benjamin J. Camp,* for appellee.

---

[1] *Ramsey v. Ramsey,* 231 Ga. 334 (201 SE2d 429) (1973), did not abolish applications for discharge in contempt cases. It merely held that such applications were not essential to appealability.