## 33689. FECH v. FECH.

UNDERCOFLER, Presiding Justice.

Duane V. Fech brought an action to modify his alimony and child support obligations under a 1974 divorce decree in which the divorce court had incorporated an agreement between the parties. At the modification trial, the court directed a partial verdict against the husband, finding a waiver of the right to modify the alimony award in the divorce agreement. The jury found in favor of the wife on the issue of modification of the child support and refused to reduce those payments. Fech appeals the grant of the partial directed verdict. We reverse.

The agreement incorporated in the decree provided: "This Agreement constitutes full and final settlement and satisfaction of any and all claims or demands which either party has against the other, and is in full and final settlement of any and all questions of property division, alimony, maintenance and support. This Agreement inures to the benefit of and is binding on the parties, their heirs and personal representatives." We find no waiver. The language "full and final settlement" is insufficient alone to constitute a clear and unambiguous waiver. *McLoughlin v. McLoughlin,* 234 Ga. 259 (214 SE2d 925) (1975). We have also held that where the language is couched in the present tense, without reference to the future, there is no waiver of the right to modify. *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976); *McLoughlin v. McLoughlin,* supra; *Garcia v. Garcia,* 232 Ga. 869 (209 SE2d 201) (1974). Compare *Wood v. Wood,* 237 Ga. 335 (227 SE2d 375) (1976); *Mitchell v. Mitchell,* 235 Ga. 101 (218 SE2d 747) (1975); *Ivey v. Ivey,* 234 Ga. 532 (216 SE2d 827) (1975) (waiver of right to modify found). The trial court erred in directing the partial directed verdict regarding the modification of alimony.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 20, 1978 — DECIDED JUNE 28, 1978 —
REHEARING DENIED JULY 20, 1978.

*Sam S. Harben, Jr.*, for appellant.
*Jim Hudson*, for appellee.