## 33529. VARN v. VARN.

HILL, Justice.

This is an appeal by a husband in his suit seeking a downward modification of alimony and child support. The former husband sued for a reduction of his obligations established in a prior divorce decree and for contempt based on denial of his visitation rights. The former wife defended by asserting that the husband had waived his right to seek modification of alimony and that there were no grounds for reduction of child support. She counterclaimed that the husband was in contempt for failure to comply with specific provisions of the previous decree.

The trial court dismissed the husband's action for modification of alimony after finding that he had waived his right to modification. After hearing testimony, the court denied modification of child support. As to the wife's counterclaim for contempt, the trial court held the husband in contempt after finding that he was financially capable of complying with the provisions of the decree and had failed to do so.

1. Two provisions of the agreement incorporated into the divorce decree are pertinent to the question of waiver of the right of modification of alimony. "That the parties hereto accept the above and foregoing consideration as full and complete settlement of any and all claims that either has against the other as of the date of execution of this document or any future claim that may be arising out of the parties' marital relationship." "That this final agreement will be made a part and parcel of the final judgment and decree of any divorce that might be obtained by either party hereto and further that no

modification or waiver of any of the terms herein will be valid unless made in writing and signed by both parties."

In *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976), we noted that a judgment for periodic permanent alimony for a wife is subject to revision under our law (Code Ann. § 30-220 as amended), even though the judgment incorporated an agreement between the parties. We noted further that this statutory right of modification could be waived by the parties by appropriate contract language in the agreement.

In the Annual Survey of Georgia Law in the Mercer Law Review for that year (1976-1977), the Domestic Relations article, 29 Mercer L. Rev. 103, 120-121, made this comment: "The most important decision during the survey year in the area of modification actions was *Kitfield v. Kitfield,* which involved a purported waiver of modification. It is valuable if for no other reason than because of Mr. Justice Gunter's dissent in which he collected all the various modification decisions of the court during the past decade. As he candidly notes: 'I am simply unable to perceive any rational rule established by recent decisions of this court on this subject.' There are many lawyers who would agree. However, it is possible to discern a change in court philosophy. The earlier cases reflected the supreme court's tendency to limit strictly the availability of modification by finding waivers of that right behind a variety of contractual phraseology, including magic words such as 'in full and final settlement.' In later cases, the court has just as clearly moved toward a position of reluctance to find a waiver of what, in *Garcia v. Garcia,* [232 Ga. 869 (209 SE2d 201) (1974)], was called a 'valuable right' of modification."

We find that under existing law the quoted provisions of the instant agreement between the parties constituted a waiver of the right to seek modification. The trial court did not err in granting the wife's motion to dismiss that portion of the husband's complaint. This conclusion is required by cases construing language similar to that in the instant agreement which held that such language barred later alimony modification. *Eddings v. Eddings,* 230 Ga. 743 (199 SE2d 255) (1973); *Ivey v. Ivey,* 234 Ga. 532 (1) (216 SE2d 827) (1975);

*Mitchell v. Mitchell,* 235 Ga. 101 (218 SE2d 747) (1975); *Wood v. Wood,* 237 Ga. 335 (227 SE2d 375) (1976). See *Garcia v. Garcia,* 232 Ga. 869 (209 SE2d 201) (1974).

Up until now parties to such agreements have been justified in their reliance upon our construction of alimony contract language. In some instances the language used may have been intentionally chosen because this court had approved identical or similar wording.

However, we now conclude that it is in the interest of all concerned, parties, lawyers and judges, to abandon this case-by-case construction. We therefore adopt the rule that parties to an alimony agreement may obtain modification unless the agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification. This ruling will be applied to alimony agreements entered into after November 23, 1978, which is the date on which this opinion is printed in the Georgia Law Reporter advance sheet.

We do not intend to adopt any "magic words" test. However, we do intend in the future to avoid confusion in this area by adhering to a clear and express waiver test.[1] After the effective date of this ruling, this decision and others finding waiver without express reference to the right of alimony modification will not be followed as to agreements entered into thereafter.

2. In *Davis v. Davis,* 230 Ga. 33 (195 SE2d 440) (1973), it was held that where a former husband kept a child at the end of a period of visitation and the mother with legal custody who resided in another county initiated a contempt action, the father could not maintain a counterclaim for change of custody. The court

---

[1]The following waiver language will be deemed to comply with this requirement: "The parties hereby waive their statutory right to future modifications, up or down, of the alimony payments provided for herein, based upon a change in the income or financial status of either party."

recognized that the filing of a mere motion seeking to have a party held in contempt was not tantamount to the filing of a complaint which would subject the complainant to the jurisdiction of the court and to counterclaim.

The husband here urges that the filing of his petition for modification and contempt was not tantamount to his submitting himself to the jurisdiction of the court. The trial court did not err in asserting jurisdiction over the petitioner in this case. There was evidence to support the finding that the former husband was in contempt. *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 28, 1978 — DECIDED SEPTEMBER 28, 1978 — REHEARING DENIED OCTOBER 24, 1978.

*C. Samuel Rael*, for appellant.
*Barry Staples, Hylton B. Dupree, Jr.*, for appellee.