## 33825. HYNES v. HYNES.

UNDERCOFLER, Presiding Justice.

We granted this interlocutory appeal to decide the single issue whether the parties intended to waive their statutory right to modification in their 1973 divorce settlement. The husband brought this modification petition, which the wife defended by raising the waiver

issue in a motion to dismiss. The trial court denied the motion and we granted her application for interlocutory appeal. We affirm.

The wife relies in the main on two paragraphs in their decree. "This agreement is a complete and final settlement of any and all rights either of the parties hereto have against the other *which could appropriately be settled in this case."* (Emphasis supplied.) And also that "both parties agree that this Agreement be made a part of the Judgment and Decree in the above stated case *or in any other proceeding which may hereafter be instituted by either party one against the other."* (Emphasis supplied.) She claims these paragraphs read together manifest a clear intent to waive modification. We disagree.

The second quoted paragraph, that the agreement be made a part of any future proceeding, has not been violated here. The agreement will certainly be the stepping stone from which the modification action proceeds. However, its future language is not found in, and cannot be incorporated in, the other paragraph. *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976). Where that language, as in *Fech v. Fech,* 241 Ga. 613 (1978) "is couched in the present tense, without reference to the future, there is no waiver of the right to modify." Accord, *McLoughlin v. McLoughlin,* 234 Ga. 259 (214 SE2d 925) (1975).

By such a ruling, there is no interference with the freedom of contract, but merely a requirement by the courts that if the parties do contract, that the contract be clear and unambiguous. The language of this contract does not meet this test. In the future, this issue will be controlled by *Varn v. Varn,* 242 Ga. 309 (1978).

*Judgment affirmed. All the Justices concur, except Bowles, J., who dissents.*

ARGUED JULY 12, 1978 — DECIDED OCTOBER 4, 1978.

*Alston, Miller & Gaines, Frank J. Beltran, Robert G. Edge,* for appellant.

*Garland, Nuckolls, Kadish, Cook & Weisensee, Mark*

*J. Kadish, Rhonda A. Brofman,* for appellee.