## 35791. HILSMAN v. HILSMAN.

CLARKE, Justice.

Doctor Hilsman filed a petition to modify his alimony obligation under a 1975 divorce decree which incorporated an agreement between the parties on the issue of permanent alimony. His former wife answered and moved for a judgment on the pleadings on the ground that by the terms of the agreement the parties had waived any rights to modification. She also moved for an interlocutory award of attorney fees to enable her to contest the modification. After a hearing, the trial court granted her motion for judgment on the pleadings and awarded her $1,000 in attorney fees. Doctor Hilsman now appeals from that order.

(1) Since this case involves a 1975 agreement, the terms relating to waiver must be construed under cases prior to *Varn v. Varn,* 242 Ga. 309 (248 SE2d 667) (1978). Paragraph 8 of the agreement in question provides that each party forever discharges the other of all claims and rights ". . . which either of the parties hereto ever had or now has against the other . . ." In paragraph 7, the wife ". . . accepts provisions in full and final settlement and satisfaction of all claims and demands for temporary or permanent alimony or any other provision for support and maintenance, and fully discharges the husband from all such claims and demands except as provided in this agreement and further expressly permits the husband to plead this agreement in any suit as a defense to any action for alimony, attorney fees, support or maintenance." Paragraph 14 provides that any modification of the provisions must be by agreement in writing and signed by the parties.

The separation agreement was signed by the parties on April 21, 1975, and incorporated into the final judgment on April 29, 1975. The express language of paragraph 8 clearly is in the past and present tense. We have held that where the language is couched in the present tense, there is no waiver of future rights to modification. *Fech v. Fech,* 241 Ga. 613 (247 SE2d 79) (1978); *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976). The language in paragraph 14 does not constitute

waiver of the right to seek modification. *Cowan v. Cowan,* 243 Ga. 25 (252 SE2d 454) (1979). We find that the appellant has not waived his right to modification since the agreement does not provide in unambiguous terms that the husband waives any future rights. See *Kitfield,* supra.

(2) The wife sought and was granted attorney fees under Code Ann. § 30-223. That section provides that where a party obligated to pay alimony files an application to modify that obligation, ". . . the court may require such party to pay reasonable expenses of litigation as may be incurred by such party's former spouse, either on behalf of such former spouse, or the child or children or both, in defense thereof." Since we reverse the motion for judgment on the pleadings, we must now decide if the award of attorney fees to the former wife may stand as an interlocutory award or a fee on account.

Former Code Ann. § 30-223 (Ga. L. 1955, pp. 630, 631), which was superseded by the present Code § 30-223 (Ga. L. 1979, pp. 466, 484), contained the same language except that only the former husband could be required to pay attorney fees. In *Wayman v. Wayman,* 222 Ga. 535 (150 SE2d 840) (1966), we held that while an award of attorney fees in a modification action was not mandatory or a condition precedent to bringing an application, that the trial judge may ". . . in the exercise of his discretion, award attorney fees and expenses of litigation incurred during the pendency of the proceedings." 222 Ga. 535, 536.

The Georgia law permits an award of attorney fees in an original action for temporary or permanent alimony in an amount ". . . sufficient to insure proper legal representation . . ." *Veal v. Veal,* 226 Ga. 285, 288 (174 SE2d 435) (1970). Direct testimony as to the value of services is not required in determining attorney fees in cases involving alimony. *Bradley v. Bradley,* 233 Ga. 83 (210 SE2d 1) (1974). The amount is in the discretion of the court based upon the financial circumstances of each party. Code Ann. § 30-202.1 (a) (1). In such cases, the award may be made at a temporary and a final hearing. Code Ann. § 30-202.1.

We hold that under the present Code § 30-223, a

spouse contesting modification sought by one obligated to pay may, after motion and hearing, be awarded reasonable attorney fees during the pendency of the litigation, including an interlocutory award. The trial court, in the exercise of its discretion, may grant attorney fees in modification actions if such fees are determined necessary to insure a proper defense, and upon consideration of the present financial circumstances of the parties.

The evidence below indicates that the former wife's main source of income is the alimony she receives from her husband and he had been paying regularly. This is supplemented by salary and tips she receives as a waitress, approximately $3,600 per year. She testified that due to illness she had missed time from her job. The appellant offered no evidence as to his present financial circumstances. At the time of the hearing, the former wife's attorney had filed an answer, two motions, a brief of authorities and had served interrogatories and notice to produce on Dr. Hilsman which were not yet answered. Under the facts of this case, we find no abuse of discretion by the court in awarding attorney fees.

The remaining enumeration of error challenging the constitutionality of Code Ann. § 6-701.1 is without merit. *Harris v. Harris,* 245 Ga. 75 (263 SE2d 113) (1980).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED JANUARY 22, 1980 — DECIDED APRIL 8, 1980.

*Katz & Weissman, Donald A. Weissman,* for appellant.
*David E. Allman,* for appellee.