## 37812. KLETCKE v. KLETCKE.

Clarke, Justice.

This appeal is from the decision of the trial court granting summary judgment to defendant former husband in a suit for modification of periodic alimony. Although the trial court's order granting summary judgment does not indicate the reasoning of the court, the enumerations of error and the briefs of the parties make it clear that summary judgment was granted on the basis that former wife had waived all rights to future modification of the settlement agreement which was made part of the final judgment and decree.

The settlement agreement in question was executed prior to this court's decision in *Varn v. Varn,* 242 Ga. 309 (248 SE2d 667) (1978), in which we found that in order to be effective a waiver of the right of modification must be explicitly made. The question, therefore, is

---

whether the agreement in question, executed September, 1973, contained language which would constitute a waiver under our cases prior to *Varn v. Varn,* supra.

In *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976), this court, construing a 1965 agreement, held: "[W]e decide that waiver has not occurred because the language does not provide 'in clear and unambiguous language, needing no parol explanation, that the appellant waived the right to modify the alimony award.'" Id. at 186, quoting *Ivey v. Ivey,* 234 Ga. 532 (216 SE2d 827) (1975). In *Fech v. Fech,* 241 Ga. 613 (247 SE2d 79) (1978), construing a 1974 agreement, we held that "... where the language is couched in the present tense, without reference to the future, there is no waiver of the right to modify." Finally, in *Garcia v. Garcia,* 232 Ga. 869 (209 SE2d 201) (1974), construing a 1971 agreement, this court failed to find waiver in language cast in the present tense where "... there appears no effort ... to foreclose any future rights which might accrue to either party." Id. at 871.

The agreement in this case contained the following introductory language: "WHEREAS, said parties have further agreed as to a property settlement between them and all questions of alimony and support for the wife by the husband and now desire to reduce this to writing." The agreement also provided: "It is further agreed that the provisions made for the Party of the First Part herein are in full satisfaction of all claims that she has against the Party of the Second Part for a property settlement with him, alimony, support, or from in any way participating in or benefiting from his estate." Appellee former husband argues that this language constitutes a waiver of all claims for modification because the agreement must be construed under the case law as it existed at the time of its execution. Appellant former wife contends that the language of the settlement agreement does not constitute a waiver of the *future* right of modification.

Under appellee's reasoning, our decisions in *Fech, Kitfield* and *Garcia* would not be applicable since they were decided after the execution of the agreement in question. The difficulty with this reasoning is that in each of these decisions the court construed agreements much older than the agreement here and found no waiver of modification without language showing the intent of the parties to waive future rights. In *Hilsman v. Hilsman,* 245 Ga. 555 (266 SE2d 173) (1980), this court construed a 1975 agreement in light of the *Fech* and *Kitfield* decisions, both decided after the execution of the agreement. In *Hilsman* we found that where language is cast in the present tense, there is no waiver of future rights to modification.

Here, the language which appellee urges as the waiver language is cast entirely in the present tense. We hold that this language does

not constitute a waiver of the future rights of modification by the former wife. Accordingly, the trial court erred in granting summary judgment to former husband.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 20, 1982.

*Harrison, Jolles & Craig, Daniel J. Craig,* for appellant.
*John Fleming,* for appellee.