## 40246. FAIRCLOTH v. FAIRCLOTH.

CLARKE, Justice.

We granted the wife's application to appeal an order dismissing her petition for modification of periodic alimony. The divorce judgment entered in 1971 incorporated an agreement between the parties; the trial court ruled the language in the agreement amounted to a waiver of wife's right to modify. We disagree and reverse.

Since the judgment of divorce was entered in 1971, the issue of waiver of modification rights must be decided on the law prior to our holding in *Varn v. Varn,* 242 Ga. 309 (248 SE2d 667) (1978). The controlling phrase in the agreement provides that the "property settlement agreement is accepted by second party [wife] as a full and complete settlement of all claims which she might have for alimony."

Where language is cast in the present tense there is no showing of intent to waive future rights. *Garcia v. Garcia,* 232 Ga. 869 (209 SE2d 201) (1974). The term "full and final settlement" without reference to the future is insufficient to express a waiver of modification rights. *Fech v. Fech,* 241 Ga. 613 (247 SE2d 79) (1978). See also, *McLoughlin v. McLoughlin,* 234 Ga. 259 (214 SE2d 925) (1975). In *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976), we held the language *"complete and final settlement of any and all rights* that either of the

---

parties hereto *may have*" did not foreclose an action for modification and that a waiver of future rights must be clearly expressed.

Husband-appellee argues that "might have" as opposed to *Kitfield's* "may have" infers future rights. He acknowledges that Black's Law Dictionary, Revised Fourth Edition, defines "might" as the "preterit" of the word "may," but argues that although it is technically a verb of the past tense its use today expresses future contingencies when used in the principal cause of a conditional sentence. We note that the use here is not a conditional phrase. Moreover, the definition of "might" in the 1980 printing of Funk & Wagnalls Standard Dictionary is the past tense of "may." The use of the phrase "might have" cannot be said to express a clear and unambiguous intent to refer to future rights which is required for waiver. The very fact that the dictionary definition and appellee's definition differ so markedly adds weight to the conclusion that there is no clear and unambiguous intent to refer to future rights.

Appellee next argues that this case should be controlled by *Grizzard v. Grizzard,* 224 Ga. 42 (159 SE2d 400) (1968). It is true, as pointed out by appellee, that *Grizzard* held the release by the wife of rights she "may have" in the settlement agreement estopped her from seeking modification. Although *Grizzard* was cited in *Kitfield* in the majority opinion it was not overruled. Justice Gunter's dissent in Kitfield points out his perception of the inconsistencies in the court's interpretation. While *Grizzard* was not overruled it was impliedly disapproved and has not been followed on this issue. To now retreat from the *Kitfield* holding for pre-*Varn* judgments would only add further inconsistency to the issue.

The purpose of the *Varn* decision was to eliminate the problems of case by case construction and the construction philosophy expressed in *Kitfield* was specifically noted in the *Varn* opinion. We therefore continue to hold that the law expressed in *Kitfield* and *Fech* should be applied in interpreting pre-*Varn* agreements. Appellee's argument that *Kitfield* and *Fech* should not be applied to a divorce decree entered prior to their decision has been previously rejected by this court in *Kletcke v. Kletcke,* 248 Ga. 781 (286 SE2d 12) (1982).

*Judgment reversed. Hill, C. J., Marshall, P. J., Smith, Gregory and Bell, JJ., and Judge Coy Temples concur. Weltner, J., disqualified.*

DECIDED NOVEMBER 16, 1983.

*Altman & McGraw, Harry J. Altman II, Virginia Gail Lane,* for appellant.

*Alexander & Vann, William U. Norwood III,* for appellee.