## 40741. TEMPLETON v. TEMPLETON.

GREGORY, Justice.

The appellant, Arthur Templeton, filed a petition to modify his alimony obligation under a 1977 divorce decree which incorporated an agreement between the parties on the issue of alimony. Appellee, Madie Templeton, answered and filed a motion to dismiss for failure to state a claim on the ground that by the terms of the agreement the parties had waived any rights to modification. She later moved for judgment on the pleadings on the same ground. After a hearing, the trial court granted her motions. The husband now appeals from that order. We affirm.

Paragraph 13 of the agreement between the parties reads in pertinent part as follows: "Subject to the provisions of this agreement, each party forever releases, remises, and quitclaims to the other all rights, claims or demands which may accrue of each against the other as a result of their marriage relation."

The above agreement was entered into prior to *Varn v. Varn,* 242 Ga. 309, 311 (248 SE2d 667) (1978), wherein we held "the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification. This ruling will be applied to alimony agreements entered into after November 23, 1978. . . ." Since this case involves a 1977 agreement, we must look to its general terms, as construed by our cases prior to *Varn,* supra, in determining whether there has been a waiver.

In *Ivey v. Ivey,* 234 Ga. 532 (216 SE2d 827) (1975), we held this

determination depends upon whether the agreement "provides in clear and unambiguous language, needing no parol explanation, that the appellant waived the right to modify the alimony award." We have also held "where the language is couched in the present tense, without reference to the future, there is no waiver of the right to modify." *Fech v. Fech,* 241 Ga. 613 (247 SE2d 79) (1978); see also, *Garcia v. Garcia,* 232 Ga. 869 (209 SE2d 201) (1974); *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976); and *Kletcke v. Kletcke,* 248 Ga. 781 (286 SE2d 12) (1982).

The language of Paragraph 13 is not couched in the present tense but the future. The pertinent language of that paragraph provides "each party forever releases . . . to the other, all rights . . . *which may accrue* of each against the other as a result of their marriage relation." (Emphasis supplied.) Webster defines the word "accrue" as "to come into existence as an enforceable claim: vest as a right." Webster's Third New International Dictionary of the English Language (1976). "Black defines the word 'accruing' as meaning 'inchoate; in process of maturing; that which may or will ripen into a vested right, an available demand, or an existing cause of action.' " *Hartsfield Co. v. Shoaf,* 184 Ga. 378 (191 SE 693) (1937). The modification action is one that accrues in the future. *Ivey,* supra. It arises out of the marriage relation. It would therefore fall within the provision of the agreement discharging each of the parties from any action "which may accrue of each against the other as a result of their marriage relation." The trial court did not err in ruling this provision barred the appellant from bringing an action for modification of the judgment for alimony.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 17, 1984.

*Watson, Joyner & Banke, John L. Watson, Jr.,* for appellant. *G. Robert Oliver, Charles H. Edwards,* for appellee.