## 70976. YOUNG v. LINDSEY CREDIT CORPORATION.
(337 SE2d 457)

BIRDSONG, Presiding Judge.

Summary Judgment. On March 4, 1977, the Lindsey Credit Corporation (Lindsey) leased to Young two farm irrigation systems in-

cluding the pipes and pumps and other equipment necessary effectively to irrigate a farm of over 1,000 acres. At the time of the lease, Lindsey (an out-of-state corporation properly authorized to do business in this state) entered into a ten-year lease with Young. The lease reflected a cash value of the two systems of $124,091 but a lease value over the ten-year period of $185,143.91. Young agreed to yearly installment payments of $18,514.37 plus tax. Young defaulted upon these annual payments. In 1980 Lindsey accelerated the lease payments and brought suit against Young for the entire rental including late charges and attorney fees. Young in the meantime had moved his residence from Albany, Georgia, to the state of Florida. Parenthetically, we note that though Young lived in Albany at the time of the execution of the lease, the farm (and leased equipment) was located in Taylor County.

After the lease fell into arrears and Lindsey filed suit, Young entered into negotiation with Lindsey to forestall the lawsuit. It was agreed that Young could purchase one of the irrigation systems for cash and the schedule of payments under the lease would be reduced to a five-year period at a reduced annual payment for the remaining irrigation system. The new schedule of payments called for five annual payments of $12,824.90. In consideration of the amended schedule of payments under the 1977 lease, Lindsey dismissed its suit with prejudice and executed a document to the effect that the lease was no longer in default.

Thereafter, Young again fell into default upon the remaining annual payments for the one irrigation system. Lindsey filed suit a second time seeking to accelerate the annual payments and demanding $64,648.90, a figure five times the five annual installments of $12,824.90 plus $524 in the late charges (as of the time of the suit) together with attorney fees and costs. Young answered the complaint denying any indebtedness urging that no jurisdiction over him existed because the new terms of the lease amounted to a novation and at the time of the novation he was no longer a resident of Georgia but of Florida. He also argued that the negotiations involved in the "novation" were typical of a sale and inasmuch as Lindsey had repossessed the irrigation system and sold it without compliance with applicable provision of the Uniform Commercial Code (dealing with notice to Young), no deficiency was available to Lindsey. After discovery, Lindsey moved the trial court for summary judgment contending there were no factual issues in the case.

Approximately a year after the filing of the motion for summary judgment, Lindsey amended its complaint to drop its demand for acceleration of the last three annual installments of 1984 through 1986 and limited its demand to the installments past due for 1982 and 1983, plus per diem interest charges of $10.54 per day for a total of

$2,808.91 in interest upon the two delinquent payments (as of the time of filing) plus $3,165 in attorney fees. After November 29, 1984, Lindsey reduced its demand for interest charges to $7.36 per day. Thus in its amended complaint, Lindsey sought judgment for $31,623.71 plus attorney fees and per diem interest after November 29, 1984, at the rate of $7.36. The trial court granted summary judgment to Lindsey in an amount of $31,403.59 together with late charges (interest) at the rate of $7.63 per day after November 29, 1984 and attorney fees of $3,165. Again, parenthetically, we observe that late charges at the rate of $10.54 per day were due under the terms of the lease from the date of the acceleration of the annual payments in January 1983. Simple mathematical calculation indicates that if Lindsey is entitled to any judgment, the lease would support a claim of over $32,880 plus attorney fees, not including the continued late charges after November 29, 1984, in the amount of $7.36. On appeal Young continues to contend that the trial court erred in granting summary judgment because of a lack of jurisdiction over the person or the subject matter and because the mathematics of the judgment are not supported by the facts. Young particularly points out that Lindsey sought per diem late charges in the amount of $7.36 and the court's judgment awarded late charges at a rate of $7.63. *Held*:

1. We will consider as a threshold question whether the trial court could exercise jurisdiction over Young and the irrigation system, both of which were in other jurisdictions than that of the trial court. We start with the consideration that in 1977 when Young and Lindsey negotiated the lease, Young was a resident of Dougherty County. He tacitly and correctly concedes that if it is concluded the original lease still controls, he probably would be subject to the jurisdiction of the Dougherty County court. Young argues, however, that there was a new lease or a novation of the old lease which was entered into after he became a resident of Florida. Thus, he contends he has engaged in no business in the State of Georgia so as to allow the Georgia Long Arm Statute to come into play. Secondly, he argues and gives appropriate citations to legal authorities that the contents of the amended lease create a question of fact as to whether the new lease is in fact a sale with a lease as security to the sale.

Notwithstanding the arguments advanced by Young, it is clear there is only one lease involved in this case. The lease executed by Lindsey and Young in 1977 in Dougherty County had as an addendum a payment schedule calling for payments of $18,514 per year for ten years for two irrigation systems. The payment schedule was a part of the underlying lease and all the provisions dealing with acceleration, attorney fees as well as all other provisions undergirding the contract were contained in the lease. When the payment schedule was amended after Young's buy-out of one of the irrigation systems, the

payment schedule only was amended to reflect the reduction in the property involved in the lease and the lower payments required, but the undergirding lease was not modified and still governed the lease of the remaining system. Correspondence between Lindsey and Young (available to and before the court) reflected that both parties understood that the lease remained in effect and that only the payment schedule was being changed. We are satisfied that the trial court was warranted in concluding no novation occurred. Thus Young's arguments and authorities notwithstanding, there was no novation in 1981 nor was the lease converted to a sale with the "new" lease acting as a security for the purchase of the second irrigation system.

There is no dispute that the original lease and schedule of payments were executed in Georgia and under the jurisdiction of the Dougherty County court. There has been no change in that lease except as to a payment schedule. The courts of this state may exercise personal jurisdiction over any non-resident as to a cause of action arising from any acts, use or possession of property in the same manner as if he were a resident of the state if that person transacts business in this state. OCGA § 9-10-91 (1). The fact that Young became a resident of Florida after he negotiated the lease in 1977 does not affect the jurisdiction of the Dougherty County court under the Long Arm Statute. *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285). This enumeration lacks merit.

2. In his first three enumerations of error, Young contends there was no probative evidence to support the monetary amount of the judgment and that no appellate court can discern the true basis for the judgment of the trial court. Further, Young contends that, by its amendment of the complaint a year after the filing of the motion for summary judgment, Lindsey changed the basis for this motion and thus presented nothing for the trial court to consider. Young correctly points out that Lindsey asked for per diem in the amount of $7.36 whereas the trial court in its order of judgment awarded per diem at the rate of $7.63. Lastly, Young argues that by several amendments which relate back to his original answer (all of which were filed after the motion for summary judgment had been filed by Lindsey), Young has raised questions concerning the nature of the lease sufficient to raise questions of material fact that the amended lease was in essence a security lease.

We reject each of these arguments. As earlier pointed out in this opinion, the trial court was confronted with clear evidence that there was no novation or amendment to the lease itself, only to the schedule of payments. Young's subsequently filed amendments to his answer, which seek to show at least a legal possibility of a security lease, did not have the effect of changing the nature of the 1977 lease nor raise legitimate factual questions as to the legal nature of the lease.

Moreover, as observed in the statement of facts contained in this opinion, a simple computation of mathematics shows that Lindsey was entitled to a judgment of over $32,800 by considering the two defaulted payments of 1982 and 1983 together with the late charges (interest) from the date of the acceleration in January 1983 until November 29, 1984 at a daily rate of $10.54. The attorney fees of $3,165 indisputably are within the parameters of a $32,800 debt. Young argues that by awarding a late charge of $7.63 the trial court totally confused the judgment when Lindsey was claiming late charges at $10.54 per day. Young misconstrues the order of the court. The trial court obviously based its award upon a late charge rate of $10.54 per day (as claimed by Lindsey) up until November 28, 1984, but expressly limited the late charge rate to $7.63 per day after November 29, 1984. This is not inconsistent with Lindsey's claim. However, it seems manifest that a typographical transposition occurred wherein Lindsey demanded $7.36 per day as late costs after November 29, 1984, whereas the court's order directed $7.63 per day after November 29, 1983. We find this to be a non-prejudicial error amounting to a mere administrative or clerical error in the judge's order which can be corrected upon remittitur. *Cooley v. All The World*, 247 Ga. 459, 460 (2) (276 SE2d 615); *C & S Nat. Bank v. Burden*, 145 Ga. App. 402, 405 (244 SE2d 244). Our examination of the record before this court and which was before the trial court reflects that there are indeed no disputed facts giving rise to issues of fact as opposed to differing interpretations of those facts. Under these circumstances, we find no error in the grant of summary judgment to Lindsey (*Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442)) except as to the award of late charges in the amount of $7.63 after November 29, 1984 rather than in the amount of $7.36 as claimed. This error as stated hereinbefore can be corrected by the trial court on remittitur.

*Judgment affirmed on condition. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED NOVEMBER 5, 1985.

*T. Lee Bishop, Jr.*, for appellant.
*James W. Hurt*, for appellee.